PATETE, APPELLANT, *v.* BENKO, APPELLEE.

(No. 50168—Decided February 24, 1986.)

*James A. Climer,* for appellant.
*William A. Walker,* for appellee.

PATTON, J. This appeal arises as a result of the judgment entered by the Cuyahoga County Court of Common Pleas which granted the motion for summary judgment filed by the appellee, Jeannette M. Benko. The facts giving rise to this appeal as contained in the record provide as follows:

On May 9, 1984, appellant, Renato Patete, filed his complaint against appellee in which he alleged that appellee was negligent in failing to warn him of the contents of a garbage bag before appellant attempted to pick up the bag. Appellant alleged that as a result of attempting to pick up the garbage bag, he herniated a disc in his back. The complaint requested compensatory damages including approximately $12,000 in medical expenses. On May 31, 1984, appellee filed her answer and the discovery process commenced.

On January 9, 1985, appellee filed her motion for summary judgment and attached as support the deposition of appellant taken on December 3, 1984. In the motion, appellee contended that as a matter of law she had no duty to warn appellant of the condition of the garbage bag; that his injuries were not foreseeable; that the failure to warn was not the proximate cause of the injury; and that the negligence of appellant was comparatively greater than that of appellee.

On January 22, 1985, appellant filed his brief in opposition to the motion for summary judgment. On March 26, 1985, the court granted the motion for summary judgment without opinion.

The facts before the trial court for its disposition of the motion for summary judgment were derived solely from appellant's deposition.

On June 2, 1983, Patete, at the request of Benko, accompanied her to her rental property located at 4527 Broadview Road in order to move several garbage bags from the back of the house to the tree lawn. Patete agreed to the trip solely as a favor to Benko because she had difficulty lifting anything due to multiple surgeries and Patete expected no compensation for his efforts. June 2, 1983 was the first occasion Patete had assisted Benko at the Broadview Road premises.

When they reached the premises, Benko pointed out two larger than

average brown plastic garbage bags which she wanted Patete to move, one of the bags being somewhat larger than the other. The bags were tied at the top and exhibited no holes, bulges, items sticking out or any other unusual features indicating that they were abnormally heavy. Patete stated that he never asked about the contents of the garbage bags but knew that appellee had been on the premises to clean up the property. Prior to Patete's attempt to lift the first bag, Benko did not advise him of the contents or indicate that the bag was unusually heavy.

As Patete lifted the larger of the two bags no more than several inches off the ground, he felt a "click" and pain in his back and immediately quit his attempt to lift the bag. Patete said to Benko: "What the hell you got in this bag?", and she replied, "My God, I forgot to tell you, I had all kinds of broken stones in there." As it turns out, Benko later informed Patete that the bag he had attempted to lift was filled with stones, pieces of galvanized pipe, shingles, grass and debris from storm damage.

Appellant testified as to how he attempted to lift the bag:

"Q. And did you pick one up and take it out to the sidewalk?

"A. No, because when I picked the big one, I put a hand like that and I went down, I bended on my knees, and I put one hand on top of the bag and one on the bottom, and I went to lift it, all right, I felt something clicking right in my back and I backed off, and that's when I said, 'What the hell you got in this bag?' "

Immediately following the accident, Benko had to help Patete to her car. Patete at first thought he had pulled a muscle but several days later when his pain did not subside, he sought medical attention and was given therapy throughout the summer of 1983 culminating with a hospitalization in August and September 1983 during which he was operated on for a "slipped disc." Patete was again hospitalized for diagnosis and therapy during January and February 1984 after his pain returned and, as of the date of the deposition, was awaiting fusion surgery. Prior to the accident, Patete had not required medical attention for any back problems.

The court granted appellee's motion for summary judgment based upon the facts contained in the deposition. On April 19, 1985, appellant filed his notice of appeal and assigned one error:

"In view of the numerous genuine issues of material fact presented in this action, the trial court erred in granting summary judgment in favor of defendant-appellee."

In his assignment of error, appellant contends that the trial court erred in granting the motion for summary judgment. This contention is well-taken.

Civ. R. 56(C) provides in part:

"The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

In *Cunningham* v. *J.A. Myers Co.* (1964), 176 Ohio St. 410, 27 O.O. 2d 379, 200 N.E. 2d 305, the Supreme Court held in paragraph three of the syllabus:

"The proper test for granting a summary judgment is set forth, as follows, in subsection (B) of Section 2311.041, Revised Code: 'A summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.' "

Furthermore, in *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, 8 O.O. 3d 73, 74, 375 N.E. 2d 46, 47, the court held:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

*"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment."* (Footnote omitted and emphasis added.)

Once the moving party has attempted to demonstrate that no genuine issue exists as to any material fact, the opposing party must take affirmative action in order to defeat the motion. In *Keister* v. *Park Centre Lanes* (1981), 3 Ohio App. 3d 19, 3 OBR 20, 443 N.E. 2d 532, in the syllabus, the Stark County Court of Appeals set forth the necessary requisites to defeat a motion for summary judgment in a negligence action:

"To defeat a motion for summary judgment filed by defendant in a negligence action, plaintiff must identify a duty, or duties, owed him by the defendant, and the evidence must be suffi-cient, considered most favorably to the plaintiff, to allow reasonable minds to infer that a specific duty was breached, that the breach of duty was the proximate cause of plaintiff's injury, and that plaintiff was injured." See, also, *Wellman* v. *East Ohio Gas Co.* (1953), 160 Ohio St. 103, 51 O.O. 27, 113 N.E. 2d 629.

In Ohio, the duty owed by a possessor of land to another on the land depends upon the other's status as either trespasser, licensee or invitee. See, *e.g.*, *Scheibel* v. *Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E. 2d 453; *Soles* v. *Ohio Edison Co.* (1945), 144 Ohio St. 373, 29 O.O. 559, 59 N.E. 2d 138. A greater duty is owed to an invitee than to a trespasser or licensee.

One's status as a trespasser, licensee or invitee while on the land of another is determined according to familiar definitions. " 'A trespasser is a person who enters or remains upon land in the possession of another *without a privilege* to do so created by the possessor's *consent or otherwise.*' " (Emphasis *sic*.) *Garrard* v. *McComas* (1982), 5 Ohio App. 3d 179, 181, 5 OBR 363, 365, 450 N.E. 2d 730, 732, quoting from 2 Restatement of the Law 2d, Torts (1965), Section 329.

A licensee includes " '[o]ne whose presence upon the land is solely for his own purposes, in which the possessor has no interest, and to whom the privilege of entering is extended as a mere personal favor to the individual, whether by express or tacit consent or as a matter of general or local custom.' " *Garrard* v. *McComas, supra,* at 181, 5 OBR at 365, 450 N.E. 2d at 732, quoting from 2 Restatement of the Law 2d, Torts, *supra,* Section 330, at Comment *h*; see, also, *Scheibel* v. *Lipton, supra,* at 311-313, 46 O.O. at 179, 102 N.E. 2d at 455-456, applying 2 Restatement of the Law, Torts (1934), Sections 330, 331 and 342.

In tort law, an "invitee" generally means a business visitor. In *Scheibel* v.

*Lipton, supra,* the Supreme Court held, in paragraphs one and three of the syllabus:

"1. In tort law an 'invitee' means a business visitor, that is, one rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest. A social guest is not a business visitor and is not an 'invitee' as that term is used in tort law.

"* * *

"3. A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition."

However, in *Durst* v. *Van Gundy* (1982), 8 Ohio App. 3d 72, 8 OBR 103, 455 N.E. 2d 1319, the Franklin County Court of Appeals distinguished *Scheibel.* In *Durst,* the court held in paragraphs one and two of the syllabus:

"1. One invited to come upon the premises of another for the purpose of performing a specific service for the latter's benefit is an invitee. This is to be distinguished from the situation where a person enters upon premises as an invited social guest for the purpose of participating in a social occasion and, while on the premises, is injured while performing some incidental service.

"2. The opinion of the Supreme Court in *Scheibel* v. *Lipton,* 156 Ohio St. 308 [46 O.O. 177], and its detailing of the duties owed by a host to a social guest, were predicated upon the assumption that a social guest is not on the host's premises for purposes in which the host has a beneficial interest."

In the case *sub judice,* the evidence clearly establishes that appellant was on appellee's premises for purposes in which the host had a beneficial interest. Appellee specifically requested appellant's help to move garbage bags. Consequently, the status of appellant is that of an "invitee." In *Durst,* the court explained the duty a possessor of premises owes to an invitee:

"The possessor of premises owes a duty to an invitee to exercise ordinary or reasonable care for his safety and protection, and this includes having the premises in a reasonably safe condition and warning him of latent or concealed defects or perils of which the possessor has or should have knowledge. *Scheibel* v. *Lipton, supra; Englehardt* v. *Philipps* (1939), 136 Ohio St. 73 [15 O.O. 581]; *Flury* v. *Central Publishing House* (1928), 118 Ohio St. 154; *S.S. Kresge Co.* v. *Fader* (1927), 116 Ohio St. 718." (Footnote omitted.) *Id.* at 74, 8 OBR at 106, 455 N.E. 2d at 1322.

Therefore, a question of fact exists in the present case as to whether appellee had a duty to warn appellant of the contents of the garbage bags. The uncontroverted evidence establishes that the garbage bag in question was sealed; that its outward appearance gave no indication that it was abnormally heavy; and that Benko knew Patete had no prior knowledge concerning its contents. Civ. R. 56(C) prohibits granting summary judgment if there exists a genuine issue of material fact.

Accordingly, appellant's assignment of error is well-taken.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

MARKUS, P.J., and CORRIGAN, J., concur.