CASSANO et al., Appellants,

v.

ANTENAN–STEWART, INC.; Rite Aid of Ohio, Inc., Appellee.

[Cite as *Cassano v. Antenan–Stewart, Inc.* (1993), 87 Ohio App.3d 7.]

Court of Appeals of Ohio,
Butler County.

Nos. CA92–08–149, CA92–08–162.

Decided April 5, 1993.

*John F. Holcomb* and *Richard A. Hyde,* for appellants.

*Baden & Jones Co., L.P.A.,* and *David T. Davidson,* for appellee, Rite Aid of Ohio, Inc.

---

WALSH, Judge.

Plaintiff-appellant, Betty J. Cassano ("Cassano"), was injured on February 24, 1988 when she was struck by an automobile while walking on the sidewalk in front of the Hamilton, Ohio store of defendant-appellee, Rite Aid of Ohio, Inc. ("Rite Aid"). The automobile had been parked but left running by defendant, Christopher Smith, when a passenger inside the automobile, defendant, Theresa G. Smith, engaged the automobile, causing it to encroach over the sidewalk and strike Cassano.

Cassano and her husband, plaintiff-appellant, Samuel Cassano, subsequently filed a complaint against Rite Aid which claimed, in part, that as occupier of the premises, Rite Aid "negligently maintained said property by negligently allowing automobiles to park perpendicular and in close proximity to the building and sidewalk without providing adequate safety devices or warnings, * * * in the

parking lot next to the sidewalk in order to protect their customers * * * from the unreasonably dangerous condition present on the premises." [1]

Rite Aid filed a motion for summary judgment, which the court denied, and the matter was thereafter scheduled for trial. Prior to trial, Rite Aid filed a second motion for summary judgment. Following a hearing, the court granted the motion and awarded summary judgment in favor of Rite Aid. This appeal followed.

In a single assignment of error, the Cassanos argue that the trial court erred in granting Rite Aid's second summary judgment motion.

■ To sustain an action founded upon negligence, a plaintiff must demonstrate (1) that the defendant had a duty, recognized by law, requiring him to conform his conduct to a certain standard for the plaintiff's protection; (2) that the defendant failed to conform his conduct to that standard; and (3) that the defendant's conduct proximately caused the plaintiff to sustain a loss or injury. *Brauning v. Cincinnati Gas & Elec. Co.* (1989), 54 Ohio App.3d 38, 40, 560 N.E.2d 811, 813.

■ Cassano's status while on Rite Aid's property was clearly that of an invitee. For tort law purposes, an "invitee" has been defined as "a business visitor, that is, one rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest." *Patete v. Benko* (1986), 29 Ohio App.3d 325, 328, 29 OBR 452, 455, 505 N.E.2d 647, 650, citing *Scheibel v. Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E.2d 453, paragraph one of the syllabus. See, also, *Durst v. Van Gundy* (1982), 8 Ohio App.3d 72, 8 OBR 103, 455 N.E.2d 1319. The duty owed to an invitee by the possessor of the premises is to exercise ordinary and reasonable care for the safety and protection of the invitee. *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 359, 12 O.O.3d 321, 322, 390 N.E.2d 810, 812; *S.S. Kresge Co. v. Fader* (1927), 116 Ohio St. 718, 722, 158 N.E. 174, 175.

■ A breach of the duty of reasonable care can be predicated upon the action of a third party which takes place on premises which are controlled by the possessor:

"[A]n owner and occupier of land breaches his duty to invitees who are injured by the negligent acts of third persons, where such owner and occupier fails to exercise reasonable care to discover that such negligent acts of third persons are being done or are likely to be done and fails to give a warning adequate to enable

---

1. Cassano also named the owner and manager of the property, defendant, Antenan–Stewart, Inc., in the complaint. The trial court granted Antenan–Stewart, Inc. summary judgment on July 1, 1991.

such invitees to avoid harm, or fails to act to protect such invitees against such negligent acts of third parties." *Holdshoe v. Whinery* (1968), 14 Ohio St.2d 134, 43 O.O.2d 240, 237 N.E.2d 127, paragraph four of the syllabus. See, also, *Cashman v. Reider's Stop–N–Shop Supermarket* (1986), 29 Ohio App.3d 142, 143, 29 OBR 158, 159–160, 504 N.E.2d 487, 488–489.

However, an occupier of premises for business purposes is not an insurer of the safety of business invitees while such invitees are on the premises. *Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 589, 26 O.O. 161, 163, 49 N.E.2d 925, 927. Thus, while the occupier of premises may be liable to an invitee for harm caused by third persons, the occupier is not liable for damages which it "does not, and could not in the exercise of ordinary care, know of." *Taylor v. Dixon* (1982), 8 Ohio App.3d 161, 162, 8 OBR 219, 221, 456 N.E.2d 558, 560, citing *Howard v. Rogers* (1969), 19 Ohio St.2d 42, 47, 48 O.O.2d 52, 56, 249 N.E.2d 804, 807.

The issue before this court is whether the trial court correctly concluded as a matter of law that the injury sustained by Cassano was not foreseeable and that Rite Aid therefore did not breach a duty to Cassano to exercise reasonable care for her safety. For the reasons set forth below, it is our belief a question of material fact exists as to whether such an injury was foreseeable and that the court erred in granting Rite Aid summary judgment.

Evidence submitted to the trial court indicates that the design of the parking lot, which Rite Aid admits it maintains, permits automobiles to park perpendicular and in close proximity to the sidewalk on which Cassano was struck. The sidewalk runs in front of the store and is used by Rite Aid invitees to enter and exit the store. Measurements conducted subsequent to the accident reveal the width of the sidewalk, from the edge of the store to the parking lot, is sixty and one-half inches, and the height of the sidewalk from the parking lot's asphalt surface is five and one-half inches. Most important, the parking spaces in the lot do not contain parking blocks or a curb, thus allowing automobiles which park in the lot to extend over and encroach onto the sidewalk.

The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710. Usually, the foreseeability of harm or injury depends on the defendant's knowledge. *Id.* See *Thompson v. Ohio Fuel Gas Co.* (1967), 9 Ohio St.2d 116, 120, 38 O.O.2d 294, 297, 224 N.E.2d 131, 136. There is no issue to submit to the jury until specific conduct involving an unreasonable risk is made manifest by the evidence presented. *Englehardt v. Philipps* (1939), 136 Ohio St. 73, 83, 15 O.O. 581, 585, 23 N.E.2d 829, 834.

Examining the record before us, we find that Rite Aid knowingly allowed automobiles to park close to a sidewalk utilized by its invitees without installing a protective barrier of any type in the parking spaces. Under these circumstances, reasonable minds could certainly differ on whether Rite Aid should have foreseen that an automobile could be negligently moved onto the sidewalk and strike an invitee walking thereon. Consequently, the issue of foreseeability must be submitted to the trier of fact.

Where a genuine issue as to a material fact exists, it is inappropriate for summary judgment to be awarded to the moving party as a matter of law. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; Civ.R. 56(C). For the reasons previously discussed, such a question of fact exists in the case *sub judice*. Only when the trier of fact resolves this factual dispute can it be determined whether Rite Aid breached its duty as the possessor of the premises to provide ordinary and reasonable care to Cassano, the invitee.

Accordingly, the sole assignment of error is well taken and hereby sustained. The judgment is therefore reversed and the cause remanded to the trial court for further proceedings consistent with this court's decision.

*Judgment reversed*
*and cause remanded.*

WILLIAM W. YOUNG, J., concurs.

JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

The court properly granted summary judgment to appellee, Rite Aid of Ohio, Inc. Rite Aid simply leased a building in an existing shopping center, where the sidewalks and parking lot had been constructed much earlier. There had never been a similar accident caused by a motorist encroaching upon the sidewalk, so Rite Aid had no reason to expect such an occurrence during its occupancy. The accident was unforeseeable, and Rite Aid therefore had no duty to anticipate an unforeseeable event.

In this particular parking lot, an automobile jumped a five-inch curb to encroach upon the sidewalk. Would it have made any difference if the auto had been traveling parallel to the sidewalk, and suddenly jumped the curb when the driver lost control? I think not, and the sole cause of either type of accident would be the negligence of the driver.

The holding of the majority will require any prospective tenant in a shopping center to critically analyze the parking facilities as well as any entrance adjacent

to a sidewalk, and then exercise one of three options: (1) decline the lease because of potential liability; (2) insist that the owner of the shopping center construct some type of barrier, separating the sidewalk from the parking lot or adjacent roadway, while hoping that such barrier will be acceptable to the majority; (3) lease the premises, and pay extra for liability insurance necessitated by this opinion.

Appellant's injuries are most unfortunate, but the trial judge was absolutely correct in granting summary judgment for Rite Aid.