Plaintiffs-appellants/cross-appellees, Janet and Donald Ballard,[1] appeal a Clinton County Court of Common Pleas jury verdict in favor of defendant-appellee/cross-appellant, Wal-Mart Stores, Inc. ("appellee"). We affirm.
On September 1, 1996, Janet Ballard, then eighty-one, went shopping at the Wal-Mart in Wilmington, Ohio with her daughter-in-law. While shopping, Janet slipped on a puddle of Lysol cleaning fluid on the floor at the intersection of one of the store's main aisles and a chemical department aisle. Stacey London ("London"), an assistant manager, came to the scene of Janet's fall and emergency services were called. Janet was taken by emergency services to the local emergency room where she was treated. London later testified that ten minutes before the accident, he had walked by the area where Janet had fallen, and there was no spill at that time. It was discovered that the source of the Lysol was an open bottle on the shelf above the spill.
As a result of her fall, Janet suffered bruising and a bone fracture in her upper arm. She was totally incapacitated for one month, and once she was able to move, her treatment required physical therapy and home exercise for about six months. Janet's total medical expenses were approximately $3,000. Appellants paid all these expenses except that for the initial emergency treatment. Janet now suffers a permanent disability as a result of her injury.
On November 4, 1996, appellants filed a complaint against appellee seeking damages for the personal injuries and pain and suffering of Janet and loss of consortium to Donald arising out of Janet's injuries. Appellee timely filed an answer, and on September 15, 1997, appellee filed a motion for summary judgment. The trial court denied the motion, and the case proceeded to trial on March 10-11, 1998. At the conclusion of the appellants' case-in-chief and at the close of the trial, appellee made an oral motion for a directed verdict, which was denied. After deliberation, the jury returned a verdict for appellee. Appellants timely appealed, raising three assignments of error. Appellee filed a cross-appeal with a single assignment of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN REFUSING TO INCLUDE IN ITS CHARGE ON NEGLIGENCE AND ORDINARY CARE, AFTER THE WORDS, "ORDINARY CARE IS A RELATIVE TERM," THE FOLLOWING:
 For example, the vigilance of a storekeeper in keeping its floor clean must be commensurate with the risk involved depending upon the size and traffic of the particular store.
AS REQUESTED BY PLAINTIFFS.
In their first assignment of error, appellants argue that the trial court abused its discretion when it refused to give their proposed special jury instruction. Appellants do not claim that the jury instructions given by the court were incorrect, but rather assert that the instructions given were incomplete and could not be understood by laymen in the context of the case.[2]
A trial court has the duty to instruct the jury as to the applicable law on all issues presented in the case that are supported by the evidence. Marshall v. Gibson (1985), 19 Ohio St.3d 10,12. It is well within the sound discretion of the trial court to determine whether the evidence presented at trial is sufficient to require a particular instruction. Statev. Wolons (1989), 44 Ohio St.3d 64, paragraph two of the syllabus. Thus, even though a party's requested instructions may be proper, the trial court is not required to give them as worded. Cleveland Elec. Illuminating Co. v. Astorhurst Land Co.
(1985), 18 Ohio St.3d 268, 272.
As long as the jury is properly instructed on the requested matter in the course of the trial court's general instruction to the jury, the trial court has fulfilled its obligations.Hensler v. B. O. Railroad Co. (1973), 39 Ohio App.2d 146,155. Although a trial court's instruction may not be a full and comprehensive statement of the law, as long as it correctly states law pertinent to the issues raised in a case, its use is not reversible error. Henderson v. Spring Run Allotment (1994),99 Ohio App.3d 633, 638. A standard general jury charge which sets forth, in substance, the relevant law adequately informs the jury of the proper legal standards, absent evidence requiring a more specific instruction. Jenkins v. Clark (1982),7 Ohio App.3d 93, 100-101.
When considering the appropriateness of a jury instruction, the reviewing court must view the instructions as a whole. The trial court does not commit reversible error if the instructions are sufficiently clear to enable the jury to understand the law as applied to the facts. Schade v. CarnegieBody Co. (1982), 70 Ohio St.2d 207, 210. An appellate court will reverse a trial court's refusal to give a proposed jury instruction only if the trial court abused its discretion, and, if so, only if that refusal was prejudicial to the complaining party. Jaworowski v. Med. Radiation Consultants (1991), 71 Ohio App.3d 320,327. A trial court abuses its discretion when its refusal to give the proposed instruction is shown to be "arbitrary, unreasonable, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. "Prejudice" will be found only if the alleged error "cripples the entire jury charge." Jaworowski, 71 Ohio App.3d at 327-28, citingSchade, 70 Ohio St.2d 207. The jury charge, as a whole, must be "so misleading and prejudicial as to induce the erroneous verdict," Cleveland Elec. Illuminating Co.,18 Ohio St.3d at 274.
In the present case, the requested special instruction would have informed the jury that the duty of an owner of business premises to ensure a customer's safety is tied directly to the number and nature of the business' clientele. Appellants concede that the jury charge given by the trial court was a correct statement of the law. Thus, the issue is whether, under the facts of the case, the jury should have been given a more specific instruction on the duty owed to a business invitee.
Before a jury instruction on the duty of care imposed upon a business owner is to be given, there must be facts presented warranting the instruction. Appellants were therefore required to establish the elements of premises liability in this context. The parties agree that Janet was an invitee at appellee's store and that appellee had a duty of ordinary and reasonable care to keep the premises in a reasonably safe condition. Patete v. Benko (1986), 29 Ohio App.3d 325, 328. In order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the plaintiff-invitee must establish:
 1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn was attributable to a want of ordinary care.
Baudo v. Cleveland Clinic Found. (1996), 113 Ohio App.3d 245,248, quoting Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,589. The standard for determining sufficient time to enable the exercise of ordinary care requires evidence of how long the hazard existed. Combs v. First Natl. Supermarkets,Inc. (1995), 105 Ohio App.3d 27, 30, appeal not allowed (1995),74 Ohio St.3d 1422, citing Anaple v. Std. Oil Co. (1955),162 Ohio St. 537, 541. Thus, evidence of how long the hazard existed is mandatory in establishing a duty to exercise reasonable care. Combs, 105 Ohio App.3d at 30.
Unless appellants offered proof of how long the spill had existed, it could not be inferred that appellee knew or should have known of the hazard. Presley v. City of Norwood (1973),36 Ohio St.2d 29, 32, 303 N.E.2d 81. Appellants offered no evidence of how the spill came to be or when it occurred. The only evidence presented in the trial concerning the timing of the spill came from London, who testified that he had walked that portion of the store approximately ten minutes before Janet's fall. He testified that, at that time, there was not a spill. Under such circumstances, whether appellee had a higher duty of care based upon the number and nature of its clientele is irrelevant. Appellants offered no evidence to establish the basic prerequisites of a business' duty of care to an invitee, and, thus, it cannot be said that they were entitled to an instruction which further defined this duty of care.
The trial court was within its discretion in refusing to give appellants' requested special instruction. Wolons, 44 Ohio St.3d 64, paragraph two of the syllabus. Accordingly, appellants' first assignment of error is overruled.
Assignment of Error No. 2:
 THE COURT ERRED IN REFUSING TO INCLUDE IN ITS CHARGE ON NEGLIGENCE AND ORDINARY CARE, THE FOLLOWING:
 Violations by defendant or its employees of its own safety standards and "Expectations" may be considered by you as bearing upon lack of ordinary care.
In their second assignment of error, appellants contend that the trial court should have instructed the jurors that they could consider appellee's internal policies in determining whether appellee breached its duty of care to Janet. Appellee responds that such an instruction was unnecessary because appellants did not establish either how long the spill existed before the accident, a prerequisite to any liability, or any violations of appellee's internal policies.
As noted above, whether to give a requested instruction is within the sound discretion of the trial court. Wolons, 44 Ohio St.3d 64, paragraph two of the syllabus. The trial court refused to give the requested instruction because it found that appellee was under a general duty of care to business invitees, and the general charge covered this duty.
Appellant argues that under Sandlin v. Dayton Power LightCo. (Aug. 30, 1985), Preble App. No. CA84-06-020, unreported, appellee's internal policies may be used to establish its negligent conduct. Appellants are correct, but Sandlin did not involve proposed jury instructions. Rather, that case involved the admissibility of certain evidence to establish proof of negligence. In the present case, the trial court allowed in evidence of appellee's internal policies, and the parties were allowed to argue whether such policies were followed. Thus,Sandlin is not in issue.
Under such circumstances, we cannot say that, even had the proposed instruction been warranted, the trial court's refusal materially prejudiced appellants. To show that the jury instructions, as given, materially prejudiced their case appellants must show that the charge was "so misleading and prejudicial as to induce the erroneous verdict." ClevelandElec. Illuminating Co., 18 Ohio St.3d at 274. Even if the instruction is not a full and comprehensive statement of the law, its use will not be reversible error if the instruction correctly states the law pertinent to the issues raised in the case. Henderson, 99 Ohio App.3d at 638. The general jury charge was sufficient to provide the jury with the applicable law to be applied in the case. The purpose of a jury charge is to "state clearly and concisely the principles of law necessary to enable the jury to accomplish the purpose desired." ClevelandElec. Illuminating Co., 18 Ohio St.3d at 272. As noted in our discussion of the first assignment of error, the general charge given was sufficient to inform the jury of the applicable law.
Even had the jury charge been insufficient, in that the requested instruction should have been given, appellants have not shown how the jury instructions given by the court, as a whole, led to the wrong verdict. The trial court allowed into evidence appellee's internal policies, and the jury instructions set forth the duty placed on a business to maintain safe premises. Thus, the jury could judge whether appellee's policies conformed to the duty of care, and whether any alleged violations of those policies were sufficient to establish liability. More importantly, and as noted above, appellants failed to establish the prerequisites of liability to a business invitee — that the alleged hazard existed for a time sufficient to infer notice of the danger. Thus, the general verdict rendered by the jury was supported by the facts and the general jury charge as given, and any error or omission in a jury charge which did not corrupt the rest of the charge will be disregarded if the rest of the charge was free from prejudicial error. See Ricks v. Jackson (1959), 169 Ohio St. 254,257.
Accordingly, we find that the trial court did not materially prejudice appellants' rights by refusing to give the proposed jury instruction. The second assignment of error is overruled.
Assignment of Error No. 3:
 THE COURT ERRED IN ITS EXCLUSION OF EVIDENCE THAT ANOTHER WAL-MART EMPLOYEE, IN ANOTHER CASE, TESTIFIED, AS DID THE TESTIFYING WITNESS IN THE INSTANT CASE, THAT SHE,
 * * * saw no spill as she walked through the area where the spill occurred five minutes before [another person] allegedly fell.
In their third assignment of error, appellants contend that the trial court abused its discretion by excluding certain evidence that appellants believed would establish bias and motive to misrepresent on the part of London, a defense witnesses. Appellants sought to introduce a copy of an appellate decision in a different case which may have included some facts similar to the case at bar.
A trial court retains discretion in the admission or exclusion of evidence. Evid.R. 104(A); State v. Heinish (1990),50 Ohio St.3d 231, 239. Otherwise relevant evidence may be excluded when the probative value of such evidence "is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." Evid.R. 403(B);State v. Shields (1984), 15 Ohio App.3d 112, 114. When the proffered evidence is of marginal probative value and concerns only a collateral matter, the trial court may exclude such evidence under Evid.R. 403. Id. A trial court's decision to exclude such evidence will be reversed only if it is found that the trial court abused its discretion, and that the decision resulted in material prejudice to the appealing party. State v.Williams (1982), 7 Ohio App.3d 160, 162.
Appellants sought to attack London's credibility through the introduction of a copy of the Judgment Entry inLeffingwell v. Wal-Mart Stores, Inc. (Nov. 20, 1995), Lawrence App. No. 95CA13, unreported. In that case, Leffingwell sued Wal-Mart for personal injuries caused when Leffingwell fell on spilled Liquid Pledge at the Wal-Mart in South Point, Ohio. The opinion states that in an affidavit attached to Wal-Mart's motion for summary judgment, an employee alleged that she had walked the area where Leffingwell had fallen five minutes before the accident and, at that time, the area was free from any spills. The trial court in the present case excluded the evidence when appellants sought to introduce this decision against London. Appellants then made an offer of proof, arguing that the decision established bias and a motive to misrepresent on the part of appellee and its employees.
Upon a review of the transcript and the proffered evidence, we cannot say that the trial court abused its discretion in excluding the evidence. The proffered evidence included no facts which demonstrated anything other than a coincidental similarity to the present case. The decision gives no indication of the employee's name or position and does not include the employee's affidavit or any accompanying transcript which can be compared to the present facts. Appellants offered no evidence that London knew either this employee or the circumstances of the fall in Leffingwell or that London was involved in that litigation.
Without any proof demonstrating how the proffered evidence establishes a bias on the part of London, we find that the trial court did not abuse its discretion in excluding the evidence. Accordingly, appellants' third assignment of error is overruled.
In its cross-appeal, appellee asserts that the trial court erred by not granting appellee's motion for a directed verdict. In light of our foregoing discussion of appellants' assignments of error, the cross-assignment of error is rendered moot, and therefore, it is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] When referred together, the Ballards will be referred to as "appellants." When referred to individually, they will be referred to by their first names, "Janet" and "Donald."
[2] The trial court's jury instruction on this matter, which followed 1 Ohio Jury Instructions (1996) 177, Section 13.05, was as follows:
 The owner of a business premises owes a duty to a business visitor to use ordinary care for the visitor's safety, to keep the premises in a reasonably safe condition and to use ordinary care to provide notice of any concealed dangers of which the owner of the premises has knowledge, or which by using ordinary care, he should have discovered.
 The plaintiffs must prove by the greater weight of the evidence that Janet Ballard's injuries were proximately caused by a negligent act or failure to act of the defendant, or its employees while she was on the premises. Before you can find for the plaintiffs, the plaintiffs must prove by the greater weight of the evidence that Janet Ballard's injuries were proximately caused by an unsafe condition of the premises caused by the failure of the defendant, or its employees, to use ordinary care.
 If the condition was not so created that the condition was known to the Defendant or its employees, and they failed to use ordinary care to correct it, or to provide notice of the condition, or if such condition was now known to Defendant or its employees, that in using ordinary care the Defendant or its employees should have discovered the condition and used ordinary care either to correct it or to give notice of the condition to its customers.
 What is negligence? Negligence is a failure to use ordinary care. Every person is required to use ordinary care to avoid injuring another person or another person's property. Ordinary care is the care that a reasonably careful person would use under the same or similar circumstances. The amount of care increases in proportion to the danger that reasonably should be foreseen. The test, though, is still ordinary care under the circumstances.
 In deciding whether ordinary care is used, you will consider whether either party ought to have foreseen under the circumstance that the natural and probable result of an act, or a failure to act, would cause some injury. The test for foreseeability is not whether they should have foreseen the injury exactly as it happened to the specific person. The test is whether under all the circumstances a reasonably careful person would have anticipated that injury was likely to result to someone from the act or the failure to act.
 If either party, by the use of ordinary care, should have foreseen some injury and should not have acted, or if they did act, they should have taken precautions to avoid the result, then the performance of the act, or the failure to take such precaution is negligence.