In an accelerated appeal of a slip and fall case, plaintiff-appellant, Linda Ramirez, appeals the decision of the trial court to grant summary judgment in favor of defendant-appellee, K-Mart Corporation. We affirm.
On the afternoon of December 22, 1995, appellant fell at the Beechmont K-Mart store on a "black sticky substance." The substance was never identified. Appellant filed a negligence suit against appellee. Appellee moved for summary judgment which was granted by the trial court. Appellant filed a timely appeal and in a single assignment of error challenges the trial court's decision. Upon our de novo review, we agree with the trial court.
An owner of a business ordinarily owes a reasonable duty of care to a business invitee, such as appellant. Patete v. Benko
(1986), 29 Ohio App.3d 325, 328. However, there is no evidence that any of appellee's employees created the spill. See Boswellv. Hyper Shoppes (Ohio, Inc.) dba Biggs (Nov. 23, 1998), Clermont App. No. CA98-06-049, unreported, at 6. There is also no evidence appellee or its employees were aware or reasonably should have been aware of the spill. Id. Particularly, appellant cannot point to any evidence to show how long the spill existed before appellant fell. Id. The fact that a cashier was standing in the general vicinity of the spill does not, by itself, invite the inference that appellee was aware or should be charged with constructive knowledge of the spill.
Therefore, the evidence does not suggest appellant had any reasonable opportunity to clean up the spill and/or warn customers of the potential danger. See id. at 6-7. Accordingly, construing the evidence in the light most favorable to appellant, the negligence claim against appellee cannot survive summary judgment.[1] Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] Since our reasoning demonstrates appellee did not breach any duty to appellant, the question of whether the spill was "open and obvious" is rendered moot.