OPINION
Plaintiff-appellant, Phyllis J. Mills, appeals a decision by the Butler County Court of Common Pleas, granting summary judgment to defendant-appellee, Grover Mills. We affirm the decision of the trial court.
This case involves a scuffle between appellant and Grover's daughter, Shirley Mae Spivey, which occurred at appellant's residence on January 12, 1998. Appellant and Grover were married for twenty years when they were granted a dissolution in 1993. Although they did not remarry, appellant moved back into Grover's home. On the morning of January 12, 1998, appellant and Grover were sitting at the kitchen table discussing Grover's health problems when Shirley came over to visit her father. Shirley joined in the discussion about Grover's health.
At one point, appellant left the room to sit on a couch in the living room, which was adjacent to the kitchen. Shortly thereafter, Shirley and appellant began arguing. Although there was conflicting testimony as to how it began, a brief scuffle ensued, lasting about one minute.
In her depositional testimony, appellant stated that Grover did not assist her or try to break up the scuffle, although she thought that she might have hollered for help. Grover testified that neither woman called for him. Appellant was able to break away from Shirley and call 911. Shirley waited for the police to arrive and was arrested. Grover refused to take appellant to the hospital, but one of appellant's family members took her to receive doctors' care for various injuries. One of appellant's fingers had been bitten, clumps of her hair had been uprooted, and she complained of pains in her neck, shoulder, head, and hip.
Grover was sixty-nine years old at the time of the incident and suffered from heart problems and diabetes. Before the argument began, he was complaining that his foot was sore. Grover did not participate in the argument between the two women. He testified that he was not aware that the argument had become physical until he heard squealing, and the scuffle ended shortly thereafter.
Grover, Shirley, and appellant had lived together from the time Shirley was four years old until she was seventeen years old. Shirley was thirty years old at the time of this incident. Grover stated that, although Shirley and appellant always argued when they were together, they had never physically fought before this incident. Appellant testified that Shirley had called her at work that day to threaten her. The record does not reveal any evidence that Grover knew about this.
Appellant filed a complaint against Shirley and Grover, asking for reimbursement of her medical bills, an award for pain and suffering, and punitive damages. The trial court awarded summary judgment to Grover, finding that appellant had failed to show that Grover owed any duty to appellant, had any control over Shirley, or that the scuffle was foreseeable.[1] Appellant appealed, raising one assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING SUMMARY JUDGMENT BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, AND DEFENDANT/APPELLEE IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
In her sole assignment of error, appellant argues that Grover, as a possessor of land, had a legal duty to protect appellant, his guest, from Shirley, a person over whom he allegedly had control. In the alternative, appellant argues that Grover, as a possessor of land, had a legal duty to rescue or assist appellant, his guest, once she was injured as a result of an intentional assault.
Pursuant to Civ.R. 56(C), a summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, and who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. This court reviews a trial court's decision to grant summary judgment de novo. Jonesv. Shelly Co. (1995), 106 Ohio App.3d 440, 445.
In order to sustain an action founded upon negligence, a plaintiff must show (1) that the defendant had a duty, recognized by law, requiring him to conform his conduct to a certain standard for the plaintiff's protection; (2) that the defendant failed to conform his conduct to that standard; and (3) that the defendant's conduct proximately caused the plaintiff to suffer a loss or injury. Cassano v. Antenan-Stewart, Inc. (1993), 87 Ohio App.3d 7,9, citing Brauning v. Cincinnati Gas Elec. Co. (1989),54 Ohio App.3d 38, 40. See, also, Fed. Steel Wire Corp. v. RuhlinConstr. (1989), 45 Ohio St.3d 171, 173, citing Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77. "Ordinarily, there is no duty to control the conduct of a third person by preventing him from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise to a duty to control, or between the actor and another which gives the other the right to protection."Fed. Steel at 173. Therefore, to find liability in negligence requires the determination of a special duty owed by a particular defendant. Id., citing Hill v. Sonitrol of Southwestern Ohio,Inc. (1988), 36 Ohio St.3d 36, 38.
Under the law of negligence, a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,645, citing Huston v. Konieczny (1990), 52 Ohio St.3d 214,217. "Injury is foreseeable if a defendant knew or should have known that its act was likely to result in harm to someone." Id.
There is no common law duty to anticipate or foresee a criminal act, and the law does not generally require the prudent person to predict the criminal acts of others. Fed. Steel at 174. Therefore, "the duty to protect against injury caused by third parties, which may be imposed where a special relationship exists, is expressed as an exception to the general rule of no liability."Id.
 Appellant argues that Grover, a possessor of land, had a duty to protect her from Shirley. The Restatement of Torts, Section 328E(a) defines "possessor of land" as "a person who is in occupation of the land with intent to control it." The Restatement of Torts, Section 314A imposes the following duties on a possessor of land who holds the land open to the public to its invitees: "(a) to protect them against unreasonable risk of physical harm, and (b) to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others." An "invitee" has generally been defined for tort purposes as "a business visitor, that is, one rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest." Cassano v. Antenan-Stewart, Inc. (1993), 87 Ohio App.3d 7, 9, quoting Patete v. Benko (1986), 29 Ohio App.3d 325, 328. In support of her argument, appellant cites to Heys v. Blevins (June 13, 1997), Montgomery App. No. 16291, unreported, which involves a negligence action against a business owner based upon an assault that occurred on the business premises.
Clearly, appellant was not an "invitee" under the most commonly understood definition for the term, because Grover was not a business owner and appellant was not Grover's customer. Rather, this was a situation where appellant and Grover shared a home, despite the fact that they were not legally married at the time of the incident. Therefore, the relationship between Grover and appellant was one of host and social guest.
 A host is not an insurer of the safety of a social guest while on the premises of the host. Scheibel v. Lipton (1951), 156 Ohio St. 308, 328. A host who invites a social guest to his or her premises owes the guest a duty to exercise ordinary care not to cause injury to the guest by any act of the host or by any activities carried on by host while the guest is on premises. Id. at 329. Also, a host of a social guest must warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in position of host should reasonably consider dangerous, if the host has reason to believe that guest does not know and will not discover such dangerous condition. Id.
 In this case, there is no evidence that Grover failed to fulfill a duty owed to appellant. First, the scuffle was not foreseeable. Appellant and Shirley had verbally fought many times before, but this was the first time one of their disagreements turned into a physical fight. Although appellant claims that Shirley had threatened her before the incident, there was no evidence suggesting that Grover had any knowledge of this alleged threat. Under these circumstances, Grover had no duty to warn appellant about Shirley or to watch closely for a physical fight of which he had no notice.
Second, appellant failed to provide sufficient facts to show that Grover had the duty to rescue her from Shirley once the fight began. The scuffle lasted for approximately one minute, and it was not shown that Grover was aware of the nature of the scuffle before it ended. Nor was there any evidence that Grover had any control over Shirley, by which he could have restrained her behavior. Although Shirley was Grover's daughter, she was a thirty-year old woman whom Grover had not been able to control in numerous verbal arguments between Shirley and appellant. Moreover, there was no showing that Grover, who was in poor physical health, could have assisted appellant during the scuffle. Therefore, there was no showing that Grover could have assisted appellant during the scuffle.
Additionally, appellant argues that Grover, her host, had a duty to assist her after the incident occurred. Assuming arguendo
that Grover should have assisted appellant in obtaining medical attention after the scuffle ended, appellant failed to show that Grover's conduct was the proximate cause of any harm to appellant. There was no evidence suggesting that Grover's refusal to drive her to the hospital proximately caused or contributed to her injuries, where another family member was able to drive her.
 Appellant has failed to show that Grover owed her any duty under the law, that Grover failed to act in accordance with any duty, or that Grover's conduct proximately caused any injury to appellant. See Cassano v. Antenan-Stewart, Inc., 87 Ohio App.3d 7, 9. Therefore, the trial court's grant of summary judgment was appropriate. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., AND WALSH, J., concur.
JUDGMENT ENTRY
The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
William W. Young, Presiding Judge
James E. Walsh, Judge
Anthony Valen, Judge
[1] Although Shirley is a party to this lawsuit, she is not a party to this appeal because the trial court's granting of summary judgment did not address her involvement in the incident and possible legal liability. This appeal addresses the question of whether Grover breached any legal duty owed to appellant.