OPINION
Plaintiffs-appellants Nadine and James Olson appeal the decision of the Knox County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees Wilfong Tire and Kidwell Tire Wholesale, Inc. in a personal injury law suit.
 STATEMENT OF THE FACTS AND CASE
On August 3, 1998, plaintiff-appellant Nadine Olson [hereinafter Olson] went to defendants-appellees' place of business with a flat tire that needed to be repaired. According to appellants, Olson parked her truck in front of the business and James Wilfong [hereinafter Wilfong] removed the tire from the bed of the truck. Wilfong rolled the tire into the shop, instructing Olson to come into the service bay. Nadine Olson's Deposition, pp. 9, 11. Olson followed Wilfong into the service bay.
A pickup truck was parked inside the service bay. Wilfong and Olson walked through the service bay to the front of the pickup truck. At the front of the pickup truck, Wilfong worked on Olson's tire and they discussed a used washing machine.[1]
After they finished their conversation regarding the washing machine, Olson turned to leave the service bay and tripped over an object on the floor. Olson was taking the same path out of the service bay as she had taken on the way into the service bay. The object she tripped over was a jack handle that protruded from underneath the pickup truck being serviced. As a result of the fall, Olson hit her elbow on the concrete floor and suffered injuries.
Olson did not see the jack handle until after she fell but was aware that the pickup truck was being serviced. Olson claims that the service bay was dimly lit and that the jack handle was a dark color. Wilfong admitted that the service bay gets pretty dirty and the floor is a dark color. According to Wilfong, the jack handle stuck out from under the truck by approximately three feet, was approximately six inches off of the ground, and ran parallel with the floor. Wilfong Deposition, p. 15.
Olson had been to the shop on previous occasions, but had never been in the service bay. According to appellants, Wilfong did not warn Olson about the jack handle in any fashion. Wilfong admitted that he typically tries to keep customers out of the service bay because there is not "a lot of room to work" in the service bay. Wilfong Deposition, p. 27.
On July 20, 2000, appellants Nadine and James Olson filed a Complaint against Wilfong Tire, Kidwell Tire Wholesale, Inc. and John Doe Nos. 1 through 5 [hereinafter appellees]. The Complaint alleged negligence and consortium claims. On August 31, 2001, the appellees moved for summary judgment. On October 21, 2001, the trial court issued a Judgment Entry which granted Summary Judgment to appellees.
It is from the October 21, 2001, Judgment Entry that appellants appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANTS-APPELLEES' SUMMARY JUDGMENT MOTION.
This case comes to us on the accelerated calender. Appellate Rule 11.1, which governs accelerated calender cases, provides, in pertinent part:
 (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
In their sole Assignment of Error, appellants contend that the trial court erred in granting appellees' motion for summary judgment regarding appellants' lawsuit stemming from the service bay fall. We agree.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429 (citing Dresher v. Burt (1996), 75 Ohio St.3d 280). It is based upon this standard that we review appellants' Assignment of Error.There is no question that Olson was a business invitee to and on appellees' premises.[2] As a business invitee, appellees owed Olson a duty "to exercise ordinary and reasonable care for safety and protection." See Cassano v. Antenan-Stewart, Inc. (1993), 87 Ohio App.3d 7,9 (quoting Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 359, andS.S. Kresge Co. v. Fader (1927), 116 Ohio St. 718, 722). "This duty includes a responsibility to warn invitees of latent or concealed defects or perils of which the shopkeeper has, or should have, knowledge." Greenv. China House (1997), 123 Ohio App.3d 208, 211. However, a business owner has no duty to protect his customer from conditions which are known to the customer or are so obvious and apparent that the customer may reasonably be expected to discover them and protect himself against them. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus (known as the open and obvious doctrine). When a hazard is open and obvious, the nature of the hazard itself serves as the warning. Id.;Shuman v. Detroit Diesel (Dec. 6, 1999), Stark App. No. 1999CA00101, unreported, 2000 WL 1632.
Appellees contend that the jack handle over which Olson tripped was open and obvious. Appellees point out that the jack handle stuck out from the pickup truck by three feet and was elevated six inches off of the floor. Further, appellees assert that Olson had walked past it on her way into the service bay. Appellees argue that there was no reason why Olson should not have been able to discover such a plain hazard, especially since she knew she was in a service bay and that a pickup truck was being worked on right next to her.
Appellant, on the other hand, argues that the open and obvious doctrine is of questionable continued viability in light of the comparative negligence statute and recent case law. Appellant cites this court to appellate districts that have limited or abandoned the open and obvious doctrine in favor of a comparative negligence analysis. See, e.g.Schindler v. Gales Superior Supermarket (Apr. 16, 2001),142 Ohio App.3d 146, 153 (Eighth Appellate District) (relying uponTexler v. D.O. Summers Cleaners Shirt Laundry Company (1998),81 Ohio St.3d 677, 681); McGowan v. St. Antoninus Church (April 6, 2001), Hamilton App. No. C-000488, unreported, 2001 WL 331931 (First Appellate District); Lovejoy v. Sears, Roebuck Company (June 19, 1998), Lucas App. No. L-98-1025, unreported, 1998 WL 351876 (Sixth Appellate District).
This court has continued to recognize the validity of the open and obvious doctrine. See Mendell V. Wilson (March 4, 2002), Stark App. No. 2001CA00258, unreported, 2002 WL 358684; Baughman v. Park Lanes, Inc. (July 9, 2001), Richland App. No. 00-CA-94, unreported, 2001 WL 1772933. We find that the open and obvious doctrine remains the law of Ohio. Previously, the Ohio Supreme Court recognized the validity of the open and obvious doctrine. E.g., Sidle v. Humphrey (1968), 13 Ohio St.2d 45. The Ohio Supreme Court has not overruled any previous authority on the open and obvious doctrine.
Appellants' argument that the open and obvious doctrine is no longer viable is based on Texler v. D.O. Summers Cleaners Shirt LaundryCompany (1998), 81 Ohio St.3d 677. The plaintiff in Texler was injured when she tripped and fell over a bucket filled with concrete blocks which the defendant was using to prop open a door. The door and the bucket blocked a portion of a sidewalk along the side of defendant's business. A jury found that the defendant was one hundred percent negligent and that the negligence was a proximate cause of plaintiff's injuries. The trial court denied the defendant's motion for judgment notwithstanding the verdict and motion for new trial. The Cuyahoga County Court of Appeals reversed the trial court, entered judgment for the defendant and held, as a matter of law, that the plaintiff "had a duty to take due care in observing hazards in her path (to `watch her step' in effect) that exceeded defendant's duty to keep dangerous obstructions out of the way of pedestrians." Texler, 81 Ohio St.3d at 680. The Ohio Supreme Court reversed the court of appeals. The Ohio Supreme Court cited some of its previous decisions that had stated that a pedestrian on a public sidewalk is not required to look constantly downward. Id. at 680-681. The Ohio Supreme Court concluded that reasonable minds could differ as to the proper distribution of negligence between the parties, that there was adequate evidence that the plaintiff was taking the proper amount of care to avoid obstructions, that the defendant was one hundred percent negligent, and that the defendant's negligence caused the accident.
To establish actionable negligence, a plaintiff must show the following: (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. Texler, 81 Ohio St.3d at 680. InTexler, the Ohio Supreme Court addressed the third element required, proximate cause. The Court examined the issue of proximate cause in terms of comparative negligence. Ward v. Wal-mart Store, Inc. (Dec. 28, 2001), Lake App. No. 2000-L-171, unreported, 2002 WL 5315; In accord,Armstrong v. Best Buy Company, Inc. (Dec. 12, 2001), Lorain App. No. 01CA007848, unreported, 2001 WL 1581568 (motion to certify conflict granted (April 4, 2002), 95 Ohio St.3d 1411).[3] The open and obvious doctrine concerns the first element of negligence, existence of a duty. The open and obvious doctrine provides that "[a]n occupier of a premises is under no duty to protect a business invitee against dangers which are known to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of syllabus. Texler does not discuss the open and obvious doctrine nor overrule any case law supporting the open and obvious doctrine. It is not clear from Texler that the Ohio Supreme Court is no longer recognizing the open and obvious doctrine. The Ohio Supreme Court may only have been finding that, in the limited factual circumstance before it, the bucket propping open the door was not the kind of obstacle that was so apparent a person reasonably could have been expected to discover it and protect oneself against it. In other words, the Ohio Supreme Court may have simply found that the obstacle was not open and obvious. While this Court recognizes that the appellate districts are split on this issue, this Court continues to recognize the viability of the open and obvious doctrine.
In the alternative, appellants argue that even if the open and obvious doctrine is viable, there is a genuine issue of material fact as to whether the jack handle was an open and obvious hazard. We agree. Viewing the evidence in the light most favorable to appellants, this Court finds that reasonable minds can differ as to whether the jack handle was an open and obvious condition. In this case, the jack handle over which appellant tripped was a dark color, the floor was a dark color and the area was poorly lit. As such we cannot say that the jack handle was, as a matter of law, open and obvious.
Appellees argue that Olson should have discovered the jack handle when she walked that way into the service bay. However, due to the color of the jack handle, color of the floor and the lighting in the service bay, the jack handle may not have been readily discernable. See Carrozza v.Olympia Mgmt. (Sept. 2, 1997), Butler App. Nos. CA 96-11-238 and CA 96-11-234, unreported, 1997 WL 538952.
We find that there is a genuine issue of material fact as to whether the jack handle was an open and obvious hazard. Therefore, we find that the trial court erred in granting appellees' Motion for Summary Judgment. Appellants' sole assignment of error is sustained.
Accordingly, the judgment of the Knox County Court of Common Pleas is reversed. The matter is remanded to the trial court for further proceedings.
By EDWARDS, J. FARMER, P.J. and BOGGINS, concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings. Costs to appellees.
[1] Nadine Olson sells used appliances.
[2] "[F]or tort law purposes, an `invitee' has been defined as `a business visitor, that is, one rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest.' Cassano, supra. at 9; Patete v. Benko (1986),29 Ohio App.3d 325, 328 (citing Scheibel v. Lipton (1951),156 Ohio St. 308, paragraph one of the syllabus).
[3] The Ohio Supreme Court found that a conflict existed on the following issue: whether Texler v. D.O. Summers Cleaners and ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 693 N.E.2d 271, abrogated the open and obvious doctrine as a complete bar to recovery and instead required that comparative negligence be applied to determine liability?"