Matthias, J.
 

 There are but two grounds of error specified which challenge the consideration of this
 
 *413
 
 court. The first is that a verdict should have been directed for the defendant by the trial judge for the reason that the undisputed evidence shows that the plaintiff violated the following provisions of an ordinance of the city of Massillon: “That pedestrians shall cross the street at right angles and at street and alley intersections only. They cannot cross diagonally, but shall walk around the center of the line of traffic and cross only one street at a time. ’ ’ This claimed error calls for a consideration of the facts, particularly as to the plaintiff’s conduct as disclosed by the record. For the purpose of this question, the evidence, of course, must be considered in its aspect most favorable to the plaintiff. This ordinance is of very doubtful application to the plaintiff’s act or to the situation disclosed by the evidence. That portion of the street was in constant use as a bus terminal and street car and interurban stop. The plaintiff’s objective was the safety zone, from which she desired to enter an approaching interurban car. There is evidence that to carry out her purpose — which was to reach the safety zone — it became necessary for the plaintiff to pass over the intervening portion of the street at a place other than the cross-walk, for the reason that the bus of the defendant company projected over the cross-walk. Obviously, .the defendant company is in no position to complain even if plaintiff did not pursue the course directed by ordinance, if, by its own action, that way had been closed. These facts were in controversy. Hence the refusal of the trial court to direct a verdict was not erroneous. On the contrary, in view of such evidence, it would have been error to direct a verdict against the plaintiff upon the ground stated.
 

 The second claim of error is predicated upon a portion of the general charge of the court upon the doctrine of negligence
 
 per se.
 
 The Court of Appeals found that there was no error in the charge, and it was upon
 
 *414
 
 that finding that it announced its disagreement with the Court of Appeals of the sixth district. The instructions challenged are as follows: “There is another sort of negligence and that is negligence in the violation of a statute, or the violation of a statute, and if the statute is violated that is negligence
 
 per se,
 
 that means in and of itself. The statute applicable in this case is first Section 6310-21 which provides: ‘Before backing, drivers of vehicles shall give ample warning, and while backing vigilance shall be exercised not to injure those behind.’ That means that they shall give such warning as a man of ordinary care and prudence would think necessary and use vigilance of the same sort. Then it is claimed that there is a violation in this case of another statute, Section 12603-1. It provides that it shall be unlawful for anyone to operate a motor vehicle upon the streets or highways of this State without due regard for the safety arid rights of pedestrians or other persons lawfully using the same.”
 

 It is to be observed that there was but one negligent act charged in the petition, and that was failure to give warning before backing the vehicle in question. Such was the only act complained of; it was upon that act alone that the charge of negligent operation was based. The instructions disclose that the attention of the jury was directed to the one and only act which it was claimed constituted negligence, causing the injury complained of, and it is not complained that the court did not properly charge the jury with reference to the requirement of Section 6310-21, General Code, and the effect of a violation of the provisions of that statute. This is a penal statute enacted for the protection of the public. It imposes an absolute duty and makes a specific requirement, the violation of which constitutes negligence
 
 per se.
 
 After instructing the jury specifically regarding that statute, the court made the observation with reference to the claim of violation of Section 12603-1, General Code, above recited, but in fact
 
 *415
 
 gave no instruction covering it or applying it to this case; hence, from any point of view, there was no prejudicial error in the instruction given.
 

 It was urged that the court erred'also in approving a verdict for an amount grossly in excess of that which would reasonably compensate plaintiff for the injuries proven, and that the verdict returned was the result of passion and prejudice. This question was examined not only by the trial court, but by the Court of Appeals, neither of which suggested a remittitur or found that the verdict was against the weight of the evidence, but affirmatively found the contrary. This court does not review that finding. For the reasons assigned, it is our conclusion that the judgment should be in all respects affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, J ones, Day and Zimmerman, JJ., concur.