Hart, J.
The principal question presented is: Does Section 6307-38, General Code (Section 4511.39, Revised Code), prescribe a specific requirement, the violation of which constitutes negligence per se, and did the court err in its charge with respect to the duties of the defendant as defined by subdivision (b) of such section?
Defendant’s chief claim of error is that the trial court erred in its charge to the jury, both before and after argument, as to negligence per se.
Before argument, at the request of counsel for plaintiff, the court gave the following special charge:
“I charge you that Section 6307-38 of the General Code of Ohio provides as follows: * * * (a) No person shall turn a vehicle or trackless trolley from a direct course upon a highway unless and until such person shall have exercised due care to ascertain that such movement can be made with reasonable safety to other users of the highway and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement or after giving an appropriate signal in the event any traffic may be affected by such movement.
“ (b) A signal of intention to turn right or left shall be given in sufficient time in advance of the movement indicated to give ample warning to other users of the highway who would be affected by such movement.
(t # * #
“If you find that the defendant, Clay C. Monevhon, failed to give any signal of his intention to turn left in sufficient time in advance of the movement indicated to give ample warning to other users of the highway who would be affected by such movement, he was guilty of negligence as a matter of law. * * *”
In the general charge the court gave the following instruction to the jury:
“When the state Legislature enacts legislation for *371 the protection of the public in a statute and imposes a duty upon a person or makes specific requirements of a person, a violation of such legislation is negligence in itself or negligence as a matter of law. * * *
( C * # #
“The second part of this statute [Section 6307-38 (b)] which requires a signal of intention to turn right or left in sufficient time in advance of the movement indicated to give ample warning to other users of the highway who would be affected by such movement, defines a specific requirement of the operator of a motor vehicle, a violation of which, is negligence per se, negligence as a matter of law, and therefore, if you find by a preponderance of the evidence that the defendant, Moneyhon, did make a left turn across the center line of the highway without giving any signal of his intention to make a left turn in sufficient time in advance of the left turn to give ample warning to the other users of the highway, including the driver of the automobile in which the plaintiff was riding, then the defendant, Moneyhon, would be guilty of negligence as a matter of law. ’ ’
It is axiomatic in the law of negligence that due care to avoid injury to others is required. One of the problems involved in any negligence case is to determine what constitutes due care. The standard of conduct as to due care may be specifically established by legislative enactment; by judicial decisions on identical or similar facts; or, in the absence of legislative enactment or judicial decision, by a consideration by the trial judge or jury of the facts and circumstances of the particular case. 2 Restatement of the Law of Torts, Section 285, Comment d; Baltimore & Ohio Rd. Co. v. Goodman, Admx., 275 U. S., 66, 72 L. Ed., 167, 48 S. Ct., 24, 56 A. L. R., 645; Harper on Torts, 187, Section 78. In the latter ease, unless the person whose conduct is under consideration is a child or insane per *372 son, the standard of conduct required is that of a reasonably prudent person under the same or similar circumstances, there being contemplated a fallible human being exercising those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of all persons.
In the instant case we are called upon to consider a standard of due care allegedly fixed by legislative enactment. When such standard of conduct is so fixed, it is final and conclusive except in cases where the enactment is so vague or so dependent upon a variety of facts and circumstances as to require definition by a court or jury before it may be applied to the facts of a particular case.
Comprehensively stated, the rule is that where a legislative enactment imposes upon any person a specific duty for the protection of others, and his failure to perform that duty proximately results in injury to another, he is liable per se or as a matter of law to such other for the injury. Schell v. DuBois, Admr., 94 Ohio St., 93, 113 N. E., 664, L. R. A. 1917A, 710. The violation of any specific legislative enactment enacted for the protection of private persons is of itself such a breach of duty as to constitute negligence. See Sluder v. St. Louis Transit Co., 189 Mo., 107, 88 S. W., 648, 5 L. R. A. (N. S.), 186.
The view that the violation of a legislative enactment may constitute actionable negligence is predicated upon the principle that when an act is forbidden by express provisions of law, an absolute standard of conduct is set up, and one who commits the prohibited act resulting in injury will be deemed to be liable regardless of whether the injury might have been foreseen by a reasonably prudent person. Butts v. Ward, 227 Wis., 387, 279 N. W., 6, 116 A. L. R., 1441.
However, a legislative enactment which does not pur *373 port to define a civil liability but merely makes provision to secure the safety or welfare of the public is not to be construed as establishing such a liability. In such cases, po standard of care other than the common-law standard of due care under the circumstances is fixed by the enactment, and the standard of due care is that exercised by a reasonably prudent person under the circumstances of the particular case.
This court in the case of Swoboda v. Brown, 129 Ohio St., 512, 196 N. E., 274, held:
“4. The distinction between negligence and ‘negligence per se’ is the means and method of ascertainment. The former must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required. ’ ’
This distinction between negligence and negligence per se- is more fully discussed as follows by Judge Matthias in the course of his opinion in that case:
“Where a specific requirement is made by statute and an absolute duty thereby imposed, no inquiry is to be made whether the defendant acted as a reasonably prudent man, or was in the exercise of ordinary care. In such a situation, the obligation and requirement has been fixed and established by law, and the conduct of any person which is violative of such specific statutory requirement is illegal and if it proximately results in injury to one to whom a legal duty is owed, the transgressor is liable for the resulting damage. In such case, the jury is not called upon to determine whether the conduct constituted negligence; it determines only whether the act prohibited was committed or the act required by law was omitted, as the case may be. The violator of such specific requirement of law is liable irrespective of the question as to *374 whether his act is such as is deemed to meet and satisfy the test of ordinary or reasonable care which would be applied in the absence of such statutory definition and imposition of absolute duty, such as, for instance, the absolute and specific requirement as to headlights. Where the standard of duty is thus fixed and absolute, it being the same under all circumstances, the failure to observe that requirement is clearly negligence per se. But where duties are undefined, or defined only in abstract or general terms, leaving to the jury the ascertainment and determination of reasonableness and correctness of acts and conduct under the proven conditions and circumstances, the phrase negligence per se has no application.” See Variety Iron & Steel Works Co. v. Poak, 89 Ohio St., 297, 106 N. E., 24; Schell v. DuBois, Admr., supra.
The determination whether any legislative enactment prescribes a specific course of conduct, the violation of which is negligence per se, or only a rule of conduct, compliance with which is to be tested by the conduct of a reasonably prudent person, often presents a problem of great difficulty. Where there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence per se; but where there exists a legislative enactment expressing for the safety of others, in general or abstract terms, a rule of conduct, negligence per se has no application, and liability must be determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case.
In other words, if a positive and definite standard of care has been established by legislative enactment whereby a jury may determine whether there has been a violation thereof by finding a single issue of fact, a *375 violation is negligence per se; but where the jury must determine the negligence or lack of negligence of a party charged with the violation of a rule of conduct fixed by legislative enactment from a consideration and evaluation of multiple facts and circumstances by the process of applying, as the standard of care, the conduct of a reasonably prudent person, negligence per se is not involved.
Among instances where the violation of a legislative enactment constituted negligence per se are:
Violation of Section 6307-25, General Code (Section 4511.25, Revised Code)’, driving a vehicle on the left half of the roadway except under certain circumstances (see Brandt v. Mansfield Rapid Transit, Inc., 153 Ohio St., 429, 92 N. E. [2d], 1; Mahoning Savings & Trust Co., Exr., v. Kellner, Admx., 131 Ohio St., 69, 1 N. E. [2d], 616); violation of Section 1027, General Code (Section 4107.23, Revised Code), requiring that keys, bolts, set screws and all parts of wheels, shafting or other revolving machinery projecting beyond the surface of such revolving machinery be covered, cut off or countersunk (See Crucible Steel Forge Co. v. Moir, 219 F., 151; Variety Iron & Steel Works Co. v. Poak, supra); violation of ordinance of municipal corporation establishing 25-mile per hour speed limit for railroad locomotives (see Patton, Admx., v. Pennsylvania Rd. Co., 136 Ohio St., 159, 24 N. E. [2d], 597); violation of Section 6307-37, General Code (Section 4511.38, Revised Code), requiring operators to give warning before backing vehicles (see Buckeye Stages, Inc., v. Bowers, 129 Ohio St., 412, 195 N. E., 859); violation of Section 6307-76, General Code (Section 4513.03, Revised Code), requiring motor vehicles to display lights (see Chesrown v. Bevier, 101 Ohio St., 282, 128 N. E., 94).
Among instances where the violation of a legislative enactment did not constitute negligence per se are:
*376 Violation of Section 6307-48 (b), General Code (Section 4511.50 Revised Code), providing that, .where usable walks or paths parallel to a street or highway are not provided, pedestrians may walk along or upon the traveled portions of such street or highway and in doing so shall exercise due care to avoid traffic (see Perry v. Baskey, 158 Ohio St., 151, 107 N. E. [2d], 328); violation of Section 6307-20, General Code (Section 4511.20, Revised Code), prohibiting the operation of vehicles without due regard for the safety and rights of pedestrians and occupants of all other vehicles (see Koppelman, a Minor, v. Springer, a Minor, 157 Ohio St., 117, 104 N. E. [2d], 695); violation of Section 6307-43, General Code (Section 4511.44, Revised Code), requiring a vehicle about to enter or cross a highway from a private road, driveway, alley or building to stop and yield the right of way to all other vehicles (see Times Square Garage Co. v. Spencer, 121 Ohio St., 77, 166 N. E., 901); violation of Section 6307-2, General Code (Section 4511.01, Revised Code), defining ‘ ‘ right of way ’ ’ as the right of a vehicle to proceed uninterruptedly in the direction which it is moving, in preference to vehicles approaching from different direction (see Heidle v. Baldwin, 118 Ohio St., 375, 161 N. E., 44); violation of Section 3714, General Code (Section 723.01, Revised Code), requiring municipalities to keep their streets and bridges open, in repair, and free from nuisance (see Larson v. Cleveland Ry. Co., 142 Ohio St., 20, 50 N. E. [2d], 163); violation of Section 6307-39, General Code (Section 4511.40, Revised Code), requiring drivers of vehicles before turning, stopping or changing course to give signals of such intention in a way visible outside the vehicle (see Scott, Admx., v. Hy-Grade Food Products Corp., 131 Ohio St., 225, 2 N. E. [2d], 608).
In the latter type of legislative-enactment requirement, the enactment simply sets forth what the com *377 mon law declares to be the rule of conduct in a particular case.
There remains the application of these tests to the statute in question, Section 6307-38, General Code, and the determination whether its violation constitutes negligence per se. Subdivision (a) of the section definitely requires the operator of a motor vehicle or trackless trolley, before turning the “vehicle * * * from a direct course upon a highway,” to give a “clearly audible signal by sounding the horn if any pedestrian may be affected by such movement. ’ ’ Concededly, the defendant at the time of the collision and accident was turning his car from a direct course on the highway to make a left turn.
If a pedestrian were here “affected,” which is not the case, clearly a failure of the defendant to give any signal by sounding the horn would be a violation of a definite requirement of the statute and would be negligence per se.
But the duty of the defendant to obey the requirements of the statute as to “other users of the highway” was subject to a variety of variable facts which must be considered and determined before liability of the defendant may be ‘ ‘ ascertained. ’ ’ The statute requires the operator of a vehicle, before turning it “from a direct course upon a highway,” to exercise “due care to ascertain that such movement can be made with reasonable safety to other users of the highway and then only * * * after giving an appropriate signal in the event any traffic may be affected by such movement,” and subdivision (b) of the section provides that “a signal of intention to turn right or left shall be given in sufficient time in advance of the movement indicated to give ample warning to other users of the highway who would be affected by such movement. ’ ’
It will be noted that these variables must be ascer *378 tained by the jury, and if present their operative effect must be determined before the ultimate fact of liability can be resolved.
Clearly, these qualifying requirements are not definite specific requirements and do not depend upon the sole conduct or responsibility of the operator of the vehicle. On the contrary, they constitute rules of conduct or rules of the road which for their consideration and- application to the ultimate question of liability must be submitted to the jury.
It is- apparent from this analysis that the trial court erred in its charge to the jury to the prejudice of the defendant. It will not be necessary to consider other alleged errors.
The judgment of the Court of Appeals, as well as that of the Common Pleas Court, is reversed, and the cause is remanded to the latter court for retrial.

Judgment reversed.

Weygandt, C. J., Middleton, Zimmerman, Stewart and Lamneck, JJ., concur.