BUELL, APPELLANT, *v.*
BRUNNER, APPELLEE.

(No. 82-06-0061—Decided May 4, 1983.)

*Messrs. Holbrock, Jonson, Bressler & Houser* and *Mr. Michael D. Shanks,* for appellant.
*Messrs. Paxton & Seasongood* and *Mr. Peter G. Thompson,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton Municipal Court of Butler County, Ohio.

The case at bar involves an automobile collision which occurred in a parking area adjacent to Ross High School, located in Butler County, Ohio. On February 16, 1978, at approximately 2:45 p.m., defendant Sandra Brunner, a teacher at Ross, was backing her car from its parking space when contact was made with the right front side of a 1967 Ford Thunderbird operated by Perry ("Okey") Buell, son of plaintiff Melanie Buell. Okey Buell was attempting to exit the student parking lot by way of a horseshoe-shaped roadway. Brunner's vehicle had been parked on the inside of the horseshoe prior to her attempt to leave the school premises. No injuries resulted from the collision, but plaintiff claims to have suffered about $1,600 in damages to her Thunderbird, which was found to be beyond reasonable repair due to the mishap.

The case was tried in the Hamilton Municipal Court on April 21, 1982, the Honorable James H. Dolan presiding. A finding was entered in favor of defendant Sandra Brunner. Timely notice having been filed, Melanie Buell appeals from the decision of the trial court, and presents the following assignments of error:

"First Assignment of Error:

"The court erred in determining that the undisputed conduct of defendant, Sandra Brunner, in backing her motor vehicle into a motor vehicle operated by Okey Buell, was not negligence as a matter of law.

"Second Assignment of Error:

"Finding that defendant was not

negligent was against the weight of the evidence."

The second paragraph of R.C. 4511.38, rules for starting and backing vehicles, reads as follows:

"Before backing, operators of vehicles, streetcars, or trackless trolleys shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway."

It is plaintiff's position that Sandra Brunner operated her vehicle in violation of the statute above, which would constitute negligence *per se.* See *Buckeye Stages, Inc.* v. *Bowers* (1935), 129 Ohio St. 412 [2 O.O. 401], involving G.C. 6310-21, the analogue to R.C. 4511.38. We disagree, and hold that the statute, by its terms, has no application on private property.

The final words in paragraph two of R.C. 4511.38, "on the street or highway," must be construed as applicable to the entire sentence in which they appear. The two major clauses, which are separated by the word "and," are clearly interrelated because of the use of the word "they" early in the second major clause. "They" refers to "operators of vehicles, streetcars, or trackless trolleys" in clause one, and these operators are the ones who must "exercise vigilance not to injure person or property on the street or highway." The term "street or highway" is defined in R.C. 4511.01(BB) and means "the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel." "Street or highway" therefore does not include a school parking lot or driveways on school property leading thereto.

This court is unable, as suggested by plaintiff, to read clause one of the statute above as applicable to backing on both private and public property, and clause two as applying to public property only, *i.e.*, "streets and highways." In support of our interpretation, we find that R.C.

4511.01, which is composed of definitions of terms used in R.C. Chapter 4511, contains both the terms "street or highway" (R.C. 4511.01[BB] ) and "private road or driveway" (R.C. 4511.01[DD] ). If the drafters of the Revised Code had intended the first clause of the second paragraph of R.C. 4511.38 to apply to public and private roads and the second to apply only to streets and highways, they would have manifested this intent by including both terms in clause one. Further, an examination of relevant case law indicates that both R.C. 4511.38, and its predecessor, G.C. 6310-21, have been applied exclusively to backing situations on public streets and highways.

Hence, we find R.C. 4511.38 inapplicable to the facts of the case *sub judice.* Thus, defendant's conduct did not constitute negligence *per se* and should be evaluated in terms of reasonableness under the circumstances. See, *e.g., Sales* v. *Galanes* (Ohio App. 1956), 139 N.E.2d 650.

Plaintiff states correctly in her brief that it would be improper to impute any contributory negligence on the part of the driver, Okey Buell, to plaintiff as the record below is void of evidence indicating that Okey was on a mission for plaintiff, or was in any way acting as her agent. See Prosser, Law of Torts (4 Ed. 1971) 488. However, Okey Buell's conduct is relevant in terms of evaluating whether or not defendant exercised due care while backing her vehicle. The trial judge below appears to have viewed Buell's conduct in exactly this light. After acknowledging that Okey Buell was not on a mission for plaintiff, the trial judge stated that the case must be decided on one point: whether or not Brunner was negligent. He further asserted that "within [the issue of Brunner's negligence] I must examine the conduct of Okey Buell as well as the conduct of Mrs. Brunner." Nowhere in the record does the trial judge intimate that he has found Okey Buell to be guilty of contributory negligence, or that he has

imputed such negligence to plaintiff, and that recovery was denied on that basis. There being no grounds below for concluding that defendant was negligent as a matter of law, plaintiff's first assignment of error is overruled.

The second assignment of error asserts that the judgment below should be reversed because it is against the weight of the evidence. The applicable standard of review states that if upon any reasonable interpretation of the evidence the trial court could have properly reached the conclusion below, it shall not be disturbed on appeal. *Blair* v. *Riley* (1930), 37 Ohio App. 513, 521. An assignment of error charging that a judgment was against the weight of the evidence should be overruled unless it appears that there is not sufficient evidence below to enable reasonable minds to render the judgment entered. *Levin* v. *Nielson* (1973), 37 Ohio App. 2d 29, 31 [66 O.O.2d 52]. We find that there was sufficient evidence to support the finding of the trial court that the defendant was not negligent under the circumstances.

The record shows that the horseshoe-shaped drive where the accident occurred was known by everyone involved to be "one way," at least according to school policy. Okey Buell was traveling the "wrong" way at the time of the accident. However, the testimony of Okey Buell, Brunner, Jill Tague, Lisa Dooley and the school principal indicate that at least occasionally traffic moved in both directions around the horseshoe. There is undisputed testimony that defendant looked both ways to the rear before backing her vehicle. Brunner further stated that she was looking forward as she began to back up to insure that her vehicle cleared the vehicles parked on both sides of it.

Passenger Jill Tague testified that she was looking to the rear as the Brunner car started to move backwards. Tague estimated that Okey Buell was traveling about thirty miles per hour immediately prior to impact. It was emphasized during cross-examination that Tague had only a split second in which to make the evaluation. The trial judge resolved the issue as follows:

"I can't place to much credulence in [Tague's estimation that Buell was traveling thirty miles per hour] in that she did not have the time to observe the car to get a good judge[ment] of the speed but from the statement I would assume, and I think I'm allowed to assume, from that that the car was going faster than normal traffic in the driveway."

The court below properly disregarded R.C. 4511.38 as inapplicable and examined defendant's conduct in light of reasonableness under the circumstances. "Mrs. Brunner did look to the right, she looked to the left, she did what a reasonable and prudent person would do anticipating traffic * * *." Therefore, plaintiff's second assignment of error is not well-taken.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.