LUONG, Appellant,

v.

SCHULTZ, Appellee.

[Cite as *Luong v. Schultz* (1994), 97 Ohio App.3d 472.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66298.

Decided Oct. 3, 1994.

*Murray & Assoc.* and *David J. Murray,* for appellant.

*William J. Coyne* and *Martin T. Franey,* for appellee.

---

Patricia A. Blackmon, Judge.

Quang M. Luong, plaintiff-appellant, appeals the decision of the trial court from the jury verdict in favor of Lawrence Schultz, defendant-appellee, in an action brought to recover damages for injuries sustained when Schultz allegedly backed into Luong with his car.

The principal issue involved in this appeal is whether the court erred in submitting the case to the jury on improper instructions. Luong also alleges the court erred in overruling his motion for new trial. Luong assigns the following error for our review:

"[The] trial court erred to the prejudice of the appellant in giving instructions to the jury which misstated the law, in failing to cure such instructions and in overruling appellant's motion for a new trial."

By way of background, the record reveals the incident giving rise to this lawsuit occurred on September 25, 1989 in a parking lot adjacent to The Sponge Company, located in Cleveland, Ohio. Schultz, an employee of The Sponge Company, moved the car of another employee, Mr. Lester, from where Lester had originally parked it to another area of the parking lot. Schultz's intention in moving Lester's car was to play a trick on him. After moving Lester's car, Schultz observed Luong, also an employee of The Sponge Company, tell Lester he saw someone move his car. Schultz told Luong to mind his own business. Schultz and Luong exchanged some vulgarities as they waited to clock out.

As Schultz and Luong walked to their cars, Luong extended his middle finger to Schultz, "an obscenity gesture." Schultz, in an effort to talk to Luong to clear the air, backed his car from the lower level of the parking lot where it was parked to the upper level where Luong was walking. Schultz then exited his car and asked Luong, "What's the problem?" Luong ignored Schultz and walked hurriedly towards his car. Since Luong refused to talk with him, Schultz got back into his car and proceeded to back it up further so he could leave from the upper level exit which he perceived to be closer than the lower level exit. Looking behind him all the while, Schultz moved several feet in reverse toward the exit when he saw Luong standing with his back to his car. Schultz slammed on his brakes and brought the car to an immediate stop. He then got out of his car and went over to Luong to see what had happened. When Luong did not respond to Schultz, he went to call for help.

George Feher, another employee of The Sponge Company, witnessed the alleged accident. Feher testified he was standing in the parking lot approximately ten to fifteen feet away from Luong when he saw Schultz stop his car approximately two to three feet from Luong. Feher said that after Schultz stopped his car Luong threw himself on the ground and threw the items he was carrying to make it appear as if Schultz had hit him with his car. Feher said Schultz did not hit Luong with his car.

The case was submitted to the jury on the issues of the negligence of Schultz and the contributory negligence of Luong. The jury found Schultz was negligent, but that his negligence was not the proximate cause of Luong's injuries.[1] Accordingly, judgment was entered in favor of Schultz.

The principal issue in this appeal is whether the trial court improperly instructed the jury on the issues presented, as contended by Luong. Luong argues that the court's instruction on the statutory standards of conduct imposed by R.C. 4511.38 on public streets and highways were inapplicable to this case, which arose on private property, and therefore were erroneous. Schultz also argues the erroneous instructions were prejudicial.

R.C. 4511.38 provides as follows:

"No person shall start a vehicle * * * which is stopped, standing, or parked until such movement can be made with reasonable safety.

"Before backing, operators of vehicles * * * shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway."

To determine whether the instructions given by the trial court in this case were error, it is first necessary for us to determine what law applies to the operator of a motor vehicle in a private parking lot or, specifically, whether R.C. 4511.38 is applicable. In *Buell v. Brunner* (1983), 10 Ohio App.3d 41, 10 OBR 49, 460 N.E.2d 649, paragraph one of the syllabus, the court held that "R.C. 4511.38, dealing with rules for starting and backing motor vehicles, is applicable to backing situations on streets and highways and *not to situations on private property.*" (Emphasis added.) In the absence of statutory regulation, we must therefore ask what law is applicable to such situations. It is clear in such a

---

1. The text of the interrogatories submitted to the jurors, as well as their responses, are as follows:
"No. 1: Was the defendant negligent?
"Answer: YES
"No. 2: Was the negligence of the defendant a proximate cause of the injuries received by plaintiff?
"Answer: NO."

situation, the common-law duty to act reasonably under the circumstances, *i.e.,* ordinary care, applies. *Knipschield v. Cleveland Inst. of Art* (Mar. 11, 1994), Cuyahoga App. No. 65626, unreported, 1994 WL 77442; *Buell v. Brunner, supra; Orender v. Souders* (Apr. 3, 1991), Jackson App. No. 642, unreported, 1991 WL 62151; see, also, *Davis v. Smith* (June 29, 1987), Clermont App. No. CA86–11–078, unreported, 1987 WL 13711.

We now examine the instructions given by the trial judge in this case. The disputed charge provides as follows:

"In order for you to determine this case it is necessary that you know the rights and duties of each party, so that you may decide whether anyone in this case was negligent.

"*The public streets and highways are maintained for the public, and all persons have equal rights to their use. Drivers of motor vehicles and others who use the streets and highways have the duty to use ordinary care both for their own safety and for the safety of others.*

"Failure to use such care is negligence.

"The operator of a motor vehicle must exercise ordinary care toward pedestrians, and is required at all times to use his senses in a manner that is reasonable under the circumstances.

"*A pedestrian crossing a roadway at any point other than within a marked crosswalk or an unmarked crosswalk at an intersection must yield the right-of-way to all vehicles on the roadway.*

"*A driver of a vehicle with the right-of-way must use ordinary care to avoid colliding with a pedestrian on the roadway.*

"*The driver of the vehicle which is stopped, standing, or parked must not start to move until the movement can be made with reasonable safety.*

"*Before backing a vehicle the driver must give ample warning while backing. The driver must use caution not to injure persons or property on the street.*

"In the absence of statutes or ordinances prohibiting or regulating vehicular or pedestrian traffic within a private parking lot each person, whether pedestrian or motor vehicle operator, must use ordinary care or reasonable care to avoid injury. This care must be adapted to the place, circumstances, and surrounding conditions." (Emphasis added.)

In its charge to the jury, the trial court unquestionably instructed the jury on the statutory standards of conduct imposed by R.C. 4511.38 on public streets and highways. The underlined portions of the court's charge are taken directly from R.C. 4511.38. This was error. *Buell v. Brunner, supra.* The court,

however, also correctly instructed the jury, in the last paragraph of the excerpted charge, in the absence of statutes or ordinances prohibiting or regulating vehicular or pedestrian traffic within a private parking lot, a duty of ordinary or reasonable care was owed by Schultz. In light of these conflicting instructions, we must determine whether the erroneous instruction on the statutory standards of conduct imposed by R.C. 4511.38 was prejudicial. That is to say, can this court, after an examination of the entire cause, say that it is reasonably probable that a result more favorable to Luong would have been reached in the absence of the erroneous instruction? *Hallworth v. Republic Steel Corp.* (1950), 153 Ohio St. 349, 41 O.O. 341, 91 N.E.2d 690, paragraph three of the syllabus; *Youssef v. Parr, Inc.* (1990), 69 Ohio App.3d 679, 591 N.E.2d 762. Prejudice is not presumed, and the burden is upon Luong to demonstrate prejudice. *Stonerock v. Miller Bros. Paving, Inc.* (1991), 72 Ohio App.3d 123, 594 N.E.2d 94.

An examination of the entire record does not convince us that the instruction in question resulted in prejudice to Luong. As we have pointed out, the jury did find Schultz was negligent (Interrogatory No. 1). The jury made this finding in spite of the erroneous instruction. The jury also determined, however, that Schultz's negligence was not, in fact, a proximate cause of the injuries received by Luong (Interrogatory No. 2). We find unpersuasive Luong's argument in reaching the latter conclusion, the jury may have applied the court's erroneous instruction on the statutory duties imposed by R.C. 4511.38 in its deliberations on proximate cause. The court's instruction on proximate cause was a correct statement of the law, and there was no indication in the charge of any relationship between the instruction on the duty of care and the instruction on proximate cause. Therefore, we will presume the jury followed the court's instruction on determining proximate cause and made its finding of no proximate cause accordingly.

Inasmuch as Luong has not demonstrated a prejudice to him by the instruction in question, we overrule his sole assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

PORTER and WEAVER, JJ., concur.