JOURNAL ENTRY and OPINION
Appellant Arlene Lennerth appeals the jury's verdict in favor of appellee Francesca Aceto. Because there is competent and credible evidence to support the jury's decision that appellee was not negligent, we affirm the decision of the trial court.
Appellant[1] alleges she was injured after her vehicle collided with appellee's vehicle. A jury trial commenced on August 25, 1998.
The following facts were adduced at trial. On December 7, 1996, appellee was operating her Honda Passport in a parking lot located at 8381 Pearl Road in Strongsville, Ohio. As appellee was backing her vehicle out of the parking space, her vehicle collided with the vehicle being driven by appellant, a sixty-six-year-old woman. Appellee testified that she did not see appellant's automobile when she backed out of the space.
The parking lot was adjacent to a strip mall. Appellant had parked her vehicle in the middle strip of the parking lot, facing away from the stores toward Pearl Road. She testified that she got into her automobile and, intending to move forward, put her automatic transmission into "drive." She had not yet depressed the gas pedal when she was struck from the rear. Photographs submitted by appellant indicate damage to the automobile consisted of indentations on the back of the automobile on the driver's side. Appellant opined that the damage was caused by the tire mounted on the rear of appellee's vehicle because the damage occurred twenty-nine inches high on appellant's vehicle and the tire is mounted at twenty-nine inches.
According to appellee, she had been parked in the row facing the stores on the strip. Appellee stated that she and her daughter put on their seatbelts, and then appellee "put the Honda in reverse and back lied] out — and I look[ed] on both sides and around me and ma[d]e sure there [was] nobody behind me — and all of a sudden I hear[d] a bump in the back of me, and then I s[aw] this blue car." She testified that she felt only "a little bump."
Appellee further stated that she was not in a hurry that day and that when she saw appellant's vehicle following the impact, she observed red and white lights. She then pulled into a parking space and got out of her automobile so that she and appellant could exchange information. Her vehicle suffered no damage.
The day following the accident, appellant went to the Strongsville Police Department, where she filed a report with Officer Thomas O'Deens regarding the accident. Appellant gave the officer her version of the incident. She also told him that her back was "stiffening up" and that she planned to see a physician.
Officer O'Deens thereafter contacted appellee to get her version of the incident. He testified that he telephoned appellee and she told him that "she was in a hurry and that she never saw the vehicle behind her and she hit the vehicle behind her." She also told him that when she did look behind her, after the impact, she saw only red lights on the vehicle.
On December 10, appellee submitted a written statement regarding the incident, which Officer O'Deens attached to his report. In appellee's written statement, she claimed that she did see reverse lights on appellant's vehicle. When appellee came to the police station, Officer Heyse took a picture of her vehicle. The photograph shows no damage to appellee's vehicle.
Appellant reported that the evening following the accident, she felt a "twinge," first in her lower back and then in her neck and mid-back. She went to the emergency room on December 10, 1996 with her complaints. Appellant later felt more pain and went to see Dr. Randy Schwartz on December 19. Her condition still did not improve, and appellant again returned to her doctor's office on January 8. Appellant then began physical therapy treatment, which continued through June 1997. She testified that following the physical therapy, most of her pain was gone.
In early September 1997, appellant reported that she was driving with her husband over some rough road and she developed sharp pains in her lower back. Appellant also had testified that she had injured the lower bone of her spine in an ice-skating fall approximately thirty years earlier. She believed that injury had completely healed, and she had not suffered any further problems resulting from her earlier fall.
Doctor Steven Sorin testified on videotape. He primarily practices rheumatology, a branch of internal medicine that specializes in bone and joint disease. Dr. Sorin examined appellant on November 3, 1997 and reviewed her medical history as well as the X-ray that had been taken when appellant first presented herself to the emergency room. He observed "a fair amount of degenerative arthritis in the cervical spine." He opined that any pain or problems associated with the degenerative changes would not be associated with the accident and would have been developing over years. He believed that these findings would be consistent with the pain complained of by appellant.
Dr. Sorin concluded, with a reasonable degree of medical probability, that appellant did not suffer any serious injury due to the accident. Any injury she may have suffered would have been minimal soft tissue injury.
Dr. Randy Schwartz also testified via videotape. He treated appellant beginning on December 19, 1996. He examined her and also obtained a medical history. He indicated that appellant had a full range of motion in her back and neck at the time of the examination. Appellant returned on January 8, 1997 and was seen by a physician assistant. She was thereafter referred to physical therapy. Dr. Schwartz saw appellant again in February 1997 and noted that she continued to complain of pain.
Based on his examination of appellant and her history, Dr. Schwartz opined with a reasonable degree of medical probability that appellant had degenerative arthritis that pre-dated the accident; however, he believed that the accident aggravated appellant's condition.
The jury found in favor of appellee and responded "no" to the following interrogatory:
 Was the defendant negligent and did that negligence directly and proximately cause any injury to the plaintiff?
Appellant timely filed her Notice of Appeal.
Appellant's sole assignment of error states:
 THE JURY VERDICT FOR DEFENDANT-APPELLEE AND THE FINDING OF "NO" IN RESPONSE TO THE INTERROGATORY, "WAS THE DEFENDANT NEGLIGENT AND DID THAT NEGLIGENCE DIRECTLY AND PROXIMATELY CAUSE ANY INJURY TO THE PLAINTIFF?" WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE; AND THUS SHOULD BE REVERSED.
Appellant maintains the jury's verdict and the jurors' responses to the interrogatory were not supported by competent, credible evidence.
It is well settled that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C. E. Morris Co. v. Foley Const.Co. (1978), 54 Ohio St.2d 279, at the syllabus. Additionally, this court should be guided by a presumption that the trier of fact's findings were correct. Seasons Coal Co., Inc. v. City of Cleveland
(1984), 10 Ohio St.3d 77, 80. The court noted that the rationale for this presumption is that the trier of fact is best able to observe the demeanor, gestures and voice inflections of the witnesses and thus is better able to weigh the credibility of the proffered testimony. Id.
The jury, in the matter sub judice, determined that appellee was not negligent. In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury.Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 565, citing Wellman v. E. Ohio Gas Co. (1953), 160 Ohio St. 103,108-109; Sedar v. Knowlton Constr. Co. (1990), 49 Ohio St.3d 193,198, overruled on other grounds; Brennaman v. R.M.I. Co. (1994),70 Ohio St.3d 460, 639.
The statute on which appellant relies, R.C. 4511.38, Care to be Exercised In Starting or Backing Vehicles, does not apply to accidents occurring on private property. Buell v. Bunner (1983),10 Ohio App.3d 41, 42. Rather, the law applying to an operator of a motor vehicle in a private parking lot is the common-law duty to act reasonably under the circumstances. Luong v. Schultz (1994)97 Ohio App.3d 472, 475, citing Knipschield v. Cleveland Inst. ofArt (Mar. 11, 1994), Cuyahoga App. No. 65626, unreported, 1994 WL 77442; Buell v. Brunner, supra; Orender v. Souders (Apr. 3, 1991), Jackson App. No. 642, unreported, 1991 WL 62151.
In the case sub judice, appellee testified that she "look[ed] on both sides and around [her] and ma[d]e sure there [was] nobody behind [her]." Additionally, in both her testimony at trial and in her written statement, appellee stated that she observed both red and white lights on appellant's vehicle, indicating appellant was also moving in reverse. Although appellee initially told Officer O'Deens that she saw only red lights, the determination of the weight given to the evidence and the assessment of the credibility of the witnesses is a task properly performed by the trier of fact.Walker v. Holland (1997), 117 Ohio App.3d 775, 791. There was sufficient competent, credible evidence on which the jury could have based its decision that appellee did not breach her duty of ordinary care.
Since there was sufficient evidence to support a conclusion that appellee did not breach her duty of care to appellant, the jury's finding that appellee was not negligent is not against the manifest weight of the evidence. Appellant's assignment of error is overruled. The jury's verdict in favor of appellee is affirmed.
It is ordered that appellee recover of appellants her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ________________________________ KENNETH A. ROCCO
[1] Although both Arlene Lennerth and her husband are named appellants in this appeal, we will use appellant in the singular since the husband's claims are derivative.