MANLEY et al., Appellants,

v.

WAL–MART STORES, INC. et al., Appellees.

[Cite as *Manley v. Wal–Mart Stores, Inc.*, 152 Ohio App.3d 544, 2003-Ohio-1756.]

Court of Appeals of Ohio,
Fifth District, Richland County.

No. 02CA37.

Decided April 2, 2003.

Scott E. Wright, for appellants.

Patrick D. Kasson and Joseph P. Hoerig, for appellees.

EDWARDS, Judge.

{¶ 1}  Plaintiffs-appellants Yvonne and Michael Manley appeal from the May 7, 2002 judgment entry of the Richland County Court of Common Pleas granting summary judgment to defendants-appellees Wal–Mart Stores, Inc. and Orville Donathan Jr.

## STATEMENT OF THE FACTS AND CASE

{¶ 2}  On April 11, 1999, appellants Yvonne and Michael Manley were shopping at the Wal–Mart Store in Ontario, Ohio. After purchasing mulch, the two

▅▅▅▅▅▅▅▅▅▅▅▅▅▅

drove over to the mulch pile and parked their truck in a driving lane adjacent to the pile in the Wal–Mart parking lot in order to have the mulch loaded into the truck. The mulch was located on the north edge of the Wal–Mart parking lot, across from the garden display.

{¶ 3} Appellant Yvonne Manley (hereinafter "appellant") then exited the truck and walked across the lane of traffic to look at items in the garden center. The garden center in the Wal–Mart parking lot was arranged in such a manner that merchandise was on either side of an open driving lane. While portions of the garden display are barricaded or blocked to prevent traffic from driving into the garden display, the area between the mulch pile and the portion of the garden center across from appellant's truck was open to all traffic, including pedestrian traffic. Duane Webb, who was a stocker in the lawn and garden department in April 1999, testified during his deposition that there were barricades along the south edge of the garden center but that there were no barricades along the north edge of the merchandise where appellant was browsing. The driving lane between the mulch pile and the garden display was wide enough for two semi-trailer trucks to pass each other. There were no signs warning customers that vehicular traffic traveled through that portion of the garden center. Nor were there any posted speed limit signs or traffic control devices in the Wal–Mart parking lot.

{¶ 4} In order to read the price tags on the merchandise she was looking at in the garden center, appellant had to stand in the driving lane. After looking over the merchandise, appellant turned to her left and began walking towards her husband's truck. She "took no more than two steps" before she was hit in the left calf by a motor vehicle driven by appellee Orville Donathan Jr. Appellee Donathan's vehicle was coming in the same direction as appellant's truck was parked. Appellant, when asked, testified that she did not look to her left to see whether anyone was coming before she began walking towards her husband's truck and that she assumed that, had she done so, she would have seen appellee Donathan's vehicle. When asked whether she was in any way at fault for the accident, appellant responded as follows:

{¶ 5} "A. If I had—I had said before—I mean, I was shopping. Do you know what I mean? I was shopping. It did not occur to me to look for cars even though I'm standing, you know, in a lane of traffic. It did not occur to me to look for cars because I was shopping. So if it had, you know, if I would have realized I'm standing in a lane of traffic, yes, I would have looked for cars." Appellant Yvonne Manley's Deposition at 28. Appellant also admitted that nothing blocked her from seeing appellee Donathan's car and that she knew that traffic was moving through the area, although she thought that it was only for customers picking up merchandise in the garden center.

{¶ 6} Subsequently, on April 10, 2001, appellant and her husband, appellant Michael Manley, filed a personal injury complaint against both appellee Wal-Mart and appellee Donathan in the Richland County Court of Common Pleas. Both appellees later filed motions for summary judgment. As memorialized in a judgment entry filed on May 7, 2002, the trial court granted appellee Donathan's motion for summary judgment as well as that filed by appellee Wal-Mart.

{¶ 7} It is from the trial court's May 7, 2002 judgment entry that appellants now appeal, raising the following assignments of error:

{¶ 8} "I. The trial court committed prejudicial error in finding no genuine issue of material fact regarding appellee Wal-Mart Stores, Inc.'s negligence and failure to provide a reasonably safe premises and/or to warn of dangerous conditions.

{¶ 9} "II. The trial court committed prejudicial error in finding no genuine issue of material fact regarding appellee Orville Donathan, Jr.'s negligence while driving an automobile."

## STANDARD OF REVIEW

{¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as did the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 506 N.E.2d 212. Civ.R. 56(C) states: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." Pursuant to the above rule, a trial court may not enter a summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial.

*Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 11}  It is based upon this standard that we review appellants' two assignments of error.

I

{¶ 12}  Appellants, in their first assignment of error, argue that the trial court erred in granting summary judgment in favor of appellee Wal–Mart.  Appellants specifically contend that there were genuine issues of material fact regarding appellee Wal–Mart's negligence and failure to provide a reasonably safe premises and/or to warn of dangerous conditions.

{¶ 13}  To defeat a motion for summary judgment filed by a defendant in a negligence action, a plaintiff must identify a duty owed to him or her by the defendant that was breached by the defendant and which proximately caused the plaintiff's injury.  *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d 532, syllabus.

{¶ 14}  There is no question that appellants were business invitees on appellee Wal–Mart's premises.  As business invitees, appellee Wal–Mart owed appellants a duty "to exercise ordinary and reasonable care for [their] safety and protection."  See *Cassano v. Antenan–Stewart, Inc.* (1993), 87 Ohio App.3d 7, 9, 621 N.E.2d 826, quoting *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 359, 12 O.O.3d 321, 390 N.E.2d 810, and *S.S. Kresge Co. v. Fader* (1927), 116 Ohio St. 718, 722, 158 N.E. 174.  "This duty includes a responsibility to warn invitees of latent or concealed defects or perils of which the shopkeeper has, or should have, knowledge."  *Green v. China House* (1997), 123 Ohio App.3d 208, 211, 703 N.E.2d 872.  However, a business owner has no duty to protect his customer from conditions that are known to the customer or that are so obvious and apparent that the customer may reasonably be expected to discover them and protect himself against them.  *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraph one of the syllabus (known as the open and obvious doctrine).  When a hazard is open and obvious, the nature of the hazard itself serves as the warning.  Id.; *Shuman v. Detroit Diesel* (Dec. 6, 1999), Stark App. No. 1999CA00101, 2000 WL 1632.

{¶ 15}  While appellants, in their brief, argue that the open and obvious doctrine is no longer viable based on *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677, 693 N.E.2d 271, this court has continued to recognize the validity of the open and obvious doctrine.  See *Mendell v. Wilson,* Stark App. No. 2001CA00258, 2002-Ohio-1003, 2002 WL 358684; *Baughman v. Park Lanes, Inc.* (July 9, 2001), Richland App. No. 00–CA–94, 2001 WL

1772933; and *Olson v. Wilfong Tire,* Knox App. No. 01CA31, 2002-Ohio-2522, 2002 WL 927365. We find, therefore, that the open and obvious doctrine remains the law of Ohio.

{¶ 16} We find that the trial court did not err in granting summary judgment to appellee Wal–Mart, since the danger presented by the vehicular traffic was open and obvious. Appellant, during her deposition, testified that she was aware that traffic was moving through the lane adjacent to the display area where she was hit, although she thought that only customers who had purchased products were allowed to drive into that portion of the garden center. Appellant's own husband had driven down the lane of traffic in order to park near the mulch pile. Appellant also admitted that nothing blocked her view of Donathan's vehicle and that she would have seen the same had she looked to her left before walking towards her husband's truck. In addition, during his deposition, appellee Donathan indicated that he knew that there were pedestrians in the area where appellant was struck. Thus, nothing obstructed either appellant's view of appellee Donathan's vehicle or appellee Donathan's view of appellant. As noted by appellee Wal–Mart in its brief, "because the danger of walking out in to a car is open and obvious, Wal–Mart did not owe the appellant any duty."

{¶ 17} Appellants, in support of their argument that appellee Wal–Mart breached its duty to appellant, contend that the design and construction of the garden center created a hazardous condition that resulted in injury to appellant. Appellants point out that appellee Wal–Mart placed merchandise on both sides of an open driving lane and that "[b]y its very design, business invitees such as appellants were forced to stand, browse, and shop for merchandise in an area where Wal–Mart had purposely maintained a driving lane." Appellant notes that she was forced to stand in the driving lane to look at price tags on the merchandise.

{¶ 18} However, assuming, arguendo, that the design and construction of the garden center were defective, we concur with the trial court that "[n]othing Wal–Mart did proximately caused the collisions" between appellant and Donathan's vehicle. In the case sub judice, appellant was not injured while she was standing and looking at merchandise in the garden center. Rather, appellant was injured when she admittedly walked out into traffic without looking, although she knew that there was at least some motor vehicle traffic in the area. Appellant testified that it did not occur to her to look out for cars *even though she was standing in a lane of traffic* because she was shopping. Appellant's Deposition at 28. Not only did appellant testify during her deposition that nothing blocked her view of appellee Donathan's car, but she also testified that there was enough space for appellee Donathan to go around her without hitting her and that, had she looked, she would have seen appellee Donathan's vehicle.

{¶ 19}  In short, we concur with the trial court that "[t]here was no danger concealed" from either appellant or appellee Donathan.  The alleged danger presented by the traffic in the Wal–Mart parking lot was open and obvious.  It was appellant's action in walking out into a lane of traffic without looking first that was the proximate cause of her injury—not any action or inaction on Wal–Mart's part.

{¶ 20}  Based on the foregoing, we find that the trial court did not err in granting the motion for summary judgment filed by appellee Wal–Mart.

{¶ 21}  Appellants' first assignment of error is, therefore, overruled.

## II

{¶ 22}  Appellants, in their second assignment of error, contend that the trial court erred in granting summary judgment to appellee Orville Donathan Jr.  Appellants specifically maintain that there were genuine issues of material fact as to Donathan's negligence while driving an automobile.

{¶ 23}  Negligence in a motor vehicle case is the failure to exercise ordinary care to avoid injury to others.  *McDonald v. Lanius* (Oct. 28, 1993), Marion App. No. 9–93–23, 1993 WL 451201, quoting 7 Ohio Jurisprudence 3d (1978) 483–484, Automobiles and Other Vehicles, Section 12.  Ordinary care is a degree of care that an ordinarily reasonable and prudent person exercises, or is accustomed to exercising under the same or similar circumstances.  *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.

{¶ 24}  Appellee Donathan, during his deposition, testified that, prior to the accident, he noticed three or four people, one of whom was appellant, in the garden center area.  According to appellee Donathan, he was going "[p]robably as slow as you could go and still moving due to the fact there was people there."  Appellee Donathan's Deposition at 6, 9. Donathan also testified that he was "pretty much focused straight ahead" and that he thought that he had his foot on the brake prior to hitting appellant.  Appellee Donathan's Deposition at 9. When asked whether he noticed what direction appellant was facing or what she was doing before the impact, appellee Donathan responded as follows: "Well, I didn't really pay attention to what she was doing.  I just noticed there was two, three, four people around there, so that's another reason why I was ready to stop if I had to."  Appellee Donathan's Deposition at 9. In his affidavit attached to his motion for summary judgment, Donathan stated that as he coasted forward, appellant stepped suddenly right out in front of his car and that he was unable to stop before hitting her despite applying his brakes.  There is no evidence in the record that appellee Donathan was speeding or driving in a less than reasonable manner prior to the accident.

{¶ 25} As is stated above, appellant, during her deposition, admitted that she began walking towards her husband's truck without looking to see whether any traffic was coming and that, if she had looked to her left before she started to walk, she would have seen appellee's vehicle. Appellant also agreed that nothing was blocking her view or distracting her. Based on the foregoing, we find that there were no genuine issues of material fact in dispute as to appellee Donathan's alleged negligence. In short, we concur with the trial court that appellant's failure to exercise reasonable care for her own safety was the proximate cause of the accident and that there is no evidence that appellee Donathan was negligent. While appellant maintains that appellee Donathan was negligent because he failed to maintain an assured clear distance ahead in violation of R.C. 4511.21, as noted by the trial court in its entry, statutory standards of conduct for public streets and highways are not applicable to the driver of a motor vehicle in a private parking lot such as that of appellee Wal–Mart. *Luong v. Schultz* (1994), 97 Ohio App.3d 472, 646 N.E.2d 1164.

{¶ 26} Appellants' second assignment of error is, therefore, overruled.

{¶ 27} Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

Judgment affirmed.

WISE, P.J., and BOGGINS, J., concur.