OPINION
{¶ 1} Defendant-appellant Linda S. Hill appeals the June 22, 2006 Judgment Entry of Conviction entered by the Licking County Municipal Court, which found her guilty of one count of improper backing, in violation of R.C. 4511.38; and one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C.4511.19(A)(1)(a) and (d), following a bench trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} At approximately 10:22pm on December 21, 2005, Trp. Hendricks of the Ohio State Patrol was dispatched to Lake Drive in Hebron, Licking County, Ohio, in response to a possible vehicle crash. When the trooper arrived at the scene, he observed a tow truck pulling a white pickup truck from a ditch. The tow truck and the pickup were stopped in the northbound lanes of Lake Drive. Appellant was the driver of the pickup. After Trp. Hendricks observed damage to the left rear bumper of the pickup truck, he approached appellant and questioned her about what happened. Appellant informed the trooper she was backing out of the driveway of 6687 Lake Drive, and backed out too far, driving into the ditch. The ditch was approximately four feet deep. *Page 3 
As she spoke, Trp. Hendricks noted a strong odor of alcohol emanating from her person. The trooper further noticed appellant's speech was slurred.
 {¶ 3} Trp. Hendricks instructed appellant to exit the vehicle and proceeded to conduct field sobriety tests. The trooper detected all six clues of the horizontal gaze nystagmus test. Trp. Hendricks asked appellant to perform other field sobriety tests, specifically, the walk and turn and the one leg stand. Appellant was unable to perform those tests. Appellant admitted to drinking vodka and cranberry juice. Thereafter, Trp. Hendricks placed appellant under arrest and transported her to the police station.
 {¶ 4} At the station, appellant submitted to a breath test, which showed her blood alcohol concentration to be well above the prohibited level. Trp. Hendricks cited appellant for operating a motor vehicle while under the influence of alcohol and improper backing. Appellant appeared before the Licking County Municipal Court on December 28, 2005, at which time she entered pleas of not guilty to the charges. Appellant filed a motion to suppress on February 1, 2006. The trial court conducted an oral hearing on the motion. Via Decision and Entry filed May 1, 2006, the trial court granted appellant's motion to suppress the breath test and results, finding the State failed to establish the test was obtained within two hours of appellant's operation of the vehicle. The matter proceeded to bench trial on June 22, 2006. The trial court found appellant guilty of both charges. The trial court memorialized appellant's conviction via Judgment Entry filed June 22, 2006.
 {¶ 5} It is from this conviction appellant appeals, raising the following assignments of error: *Page 4 
 {¶ 6} "I. THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF VIOLATING R.C. 4511.38 (IMPROPER BACKING).
 {¶ 7} "II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN FINDING APPELLANT GUILTY OF OVI."
 I {¶ 8} In her first assignment of error, appellant contends the trial court erred in finding her guilty of improper backing, in violation of R.C. 4511.38. Appellant is essentially challenging the weight of the evidence.
 {¶ 9} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. *Page 5 
 {¶ 10} Appellant was cited for improper backing, in violation of R.C.4511.38(A), which provides:
 {¶ 11} "(A) No person shall start a vehicle, streetcar, or trackless trolley which is stopped, standing, or parked until such movement can be made with reasonable safety.
 {¶ 12} "Before backing, operators of vehicles, streetcars, or trackless trolleys shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway. * * *"
 {¶ 13} Appellant submits there was no evidence to prove her movement of the vehicle was not made with reasonable safety. Appellant adds there was no injury to person or property, including her truck; therefore, it cannot be found she did not exercise vigilance while moving the vehicle. The trial court found because the vehicle was in a ditch and required a tow truck to be removed, appellant did not exercise reasonable safety in moving the vehicle.
 {¶ 14} At trial, Trp. Hendricks testified, when he arrived at the scene, the pickup truck was being towed out of the ditch. The trooper observed damage to the left rear bumper of appellant's vehicle. In her Brief to this Court, appellant contends the vehicle was damaged at the same location in September, 2005. Such evidence was not presented at trial, but was presented at the hearing on appellant's motion to suppress. As the trier of fact, the trial court could consider this evidence. However, the trial court could, and apparently did, find the damage to the truck was the result of appellant backing it into a ditch.
 {¶ 15} Appellant further maintains R.C. 4511.38 is only applicable to public streets or highways, and because she was backing out of a private drive, she cannot be *Page 6 
found to have violated the statute. In support of her position, appellant relies upon Buell v. Brunner (1983), 10 Ohio App. 3d 41.
 {¶ 16} In Buell, the Twelfth District Court of Appeals found R.C.4511.38 was inapplicable to backing situations arising on private property, explaining:
 {¶ 17} "The final words in paragraph two of R.C. 4511.38, `on the street or highway,' must be construed as applicable to the entire sentence in which they appear. The two major clauses, which are separated by the word `and,' are clearly interrelated because of the use of the word `they' early in the second major clause. `They' refers to `operators of vehicles, streetcars, or trackless trolleys' in clause one, and these operators are the ones who must `exercise vigilance not to injure person or property on the street or highway.' The term `street or highway' is defined in R.C. 4511.01 (BB) and means `the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel.' * * *
 {¶ 18} "This court is unable * * * to read clause one of [R.C.4511.38] as applicable to backing on both private and public property, and clause two as applying to public property only, i.e., `streets and highways.' In support of our interpretation, we find that R.C. 4511.01, which is composed of definitions of terms used in R.C. Chapter 4511, contains both the terms `street or highway' (R.C. 4511.01[BB]) and `private road or driveway' (R.C. 4511.01 [DD]). If the drafters of the Revised Code had intended the first clause of the second paragraph of R.C. 4511.38 to apply to public and private roads and the second to apply only to streets and highways, they would have manifested this intent by including both terms in clause one. Further, an examination of relevant case *Page 7 
law indicates that both R.C. 4511.38, and its predecessor, G.C. 6310-21, have been applied exclusively to backing situations on public streets and highways." Id. at *42.
 {¶ 19} We agree with the Buell Court R.C. 4511.38 is only applicable to backing situations on public streets and highways. According to appellant, she was backing out of the driveway, but backed too far, falling in the ditch. Trooper Hendricks testified appellant completely backed out of the private drive. However, the injury to person or property did not occur on the public street or highway. The damage to appellant's vehicle was apparently caused by collision with the ditch. Because the ditch was not on the public street or highway, we find no violation of the statute. Accordingly, we find the trial court's finding appellant guilty of improper backing was against the manifest weight of the evidence.
 {¶ 20} Appellant's first assignment of error is sustained.
 II {¶ 21} In her second assignment of error, appellant contends the trial court erred and/or abused its discretion in finding her guilty of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a). Again, as in the first assignment of error, appellant is challenging the weight of the evidence.
 {¶ 22} Our standard of review is set forth, supra.
 {¶ 23} R.C. 4511.19 provides, in pertinent part:
 {¶ 24} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 25} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them." *Page 8 
 {¶ 26} At the close of evidence, the trial court stated:
 {¶ 27} "Alright. Well, here's how I see the case. I don't think there's any question that she was impaired. I mean the officer . . . the trooper had contact with her. The video, I think, make [sic] that clear. Her own statements make that clear. The question is whether she was impaired at the time of operation. * * * is there sufficient evidence for me to infer and conclude beyond a reasonable doubt that she was impaired when she operated the vehicle. I believe that the evidence established that, even though the State didn't establish by preponderance of the evidence, that the [breath] test was taken within two hours of operation, I believe that the operation occurred sometime very close to that. * * * and sometime very close to 10:30, 10:35, 10:40. So, because of that finding . . . I think that's a critical finding. The other critical part of the case, I believe, is uh . . . her fiancé's testimony, which says that at about 12:00 or midnight thereabouts, she did not sound impaired. Which leads me to believe, and the inference that I draw, is that she was more impaired uh . . . at the time the video was taken and closer to the operation than uh . . . an hour and a half later when she talked to her fiancé. The inference that I draw from that is that her blood alcohol concentration, or her level of impairment, is decreasing after her contact with the trooper, which leads me to believe that it was higher or that it was um . . . it was at least the same level of impairment closer to the time that she establishes she was operating the vehicle. So, I'm going to enter a . . . a uh . . . guilty finding on the OVI charge." Trial Tr. at 51-51.
 {¶ 28} At trial, Trp. Hendricks testified upon approaching appellant, he noticed a strong odor of alcohol emanating from her person and her speech was slurred. The trooper recalled appellant was unable to perform field sobriety tests, and she admitted *Page 9 
to him she had too much to drink. Trp. Hendricks additionally testified he detected six of six clues on the horizontal gaze nystagmus test he administered to appellant.
 {¶ 29} Based upon the foregoing, and the entire record in this matter we find the trial court had sufficient evidence from which it could find appellant was operating a motor vehicle while under the influence of alcohol. Accordingly, we find appellant's conviction was not against the manifest weight of the evidence.
 {¶ 30} Appellant's second assignment of error is overruled.
 {¶ 31} The judgment of the Licking County Municipal Court is affirmed in part and reversed in part.
 Hoffman, J. Gwin, P.J. and Delaney, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed in part and reversed in part. Costs to be divided equally. *Page 1